FILED

JUL 18 2025

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA | § | |
| Plaintiff, | § | Case No. |
| v. | § | |
| | § | |
| TRISMART SOLAR, LLC | § | |
| Defendants. | § | |
| | § | |



SA25CA0865JKP

## PLAINTIFF'S ORIGINAL COMPLAINT

1.      This action seeks statutory damages and injunctive relief to stop Defendant TriSmart Solar, LLC ("TriSmart"), and its agents using the fictitious business name "Smart Home Solar," from orchestrating and conducting a persistent and unlawful telemarketing campaign that bombards Plaintiff Mark Anthony Ortega ("Plaintiff") with unsolicited, harassing telemarketing calls to market solar panels. The calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and the Texas Business and Commerce Code, Chapters 302 and 305.

2.      Despite Plaintiff's repeated and unequivocal requests to be placed on an internal do-not-call list, Defendants persisted in their unlawful telemarketing campaign. Defendants and their agents utilized deceptive practices, including the use of the fictitious business name "Smart Home Solar" and spoofed telephone numbers, to conceal their identity and continue their unwanted solicitations. Defendant's conduct has caused Plaintiff harm, including the invasion of his privacy, aggravation, annoyance, depletion of his phone battery and time.

### BACKGROUND ON THE TCPA

3.      Enacted in 1991 with bipartisan support, the TCPA aims to protect consumers from the nuisance and invasion of privacy caused by unsolicited telemarketing calls, reflecting

1

Congress's recognition of such calls as a "scourge of modern civilization." See 137 Cong. Rec. 30821 (1991).

4.      Decades later, the TCPA remains a crucial safeguard against the ever-increasing volume of unwanted calls, which consistently rank among the top consumer complaints. *See Omnibus TCPA Order,* 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015*).* The TCPA remains a vital tool for combating these abuses, and its private right of action is essential to empower individuals to hold violators accountable.

5.      The TCPA specifically prohibits the use of automated telephone dialing systems or pre-recorded voice messages to make telemarketing calls to cellular telephones without the prior express consent of the called party. Additionally, the TCPA strictly forbids telemarketing calls to numbers listed on the National Do Not Call Registry. These provisions are designed to protect consumers from the unique harms associated with these types of intrusive calls, including wasted time, invasion of privacy, and the potential for economic loss.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.  *See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012)* (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA). As this action involves alleged violations of the TCPA, a federal question is presented, thus conferring jurisdiction upon this Court.

7.      Additionally, this Court has supplemental jurisdiction over the claims arising under Tex. Bus. & Com. Code § 302 and § 305. While the Texas Business and Commerce Code, Chapter 302 and 305, is a state law, it complements and supplements the federal TCPA by providing

additional protections to Texas residents against unwanted telemarketing calls. Under 28 U.S.C. § 1367, federal courts may exercise supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy.

8.    In this instance, the claims under the Tex. Bus. & Com. Code § 302 and § 305, are intertwined with the TCPA claims, as they both arise from the same set of facts involving the Defendant's telemarketing calls to Plaintiff. The legal issues and factual questions involved in both sets of claims are closely related, and it would be efficient and convenient for the Court to address them together in a single proceeding. Therefore, the Court's supplemental jurisdiction is appropriate to encompass the claims arising under Tex. Bus. & Com. Code § 302 and § 305.

9.    This Court has personal jurisdiction over the Defendant as they purposefully directed their unlawful telemarketing activities at Texas and specifically at Plaintiff, who resides in this district. By soliciting business from Texas residents, Defendant purposefully availed themselves of the privilege of conducting activities within the State of Texas.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

11.    Plaintiff Mark Anthony Ortega is a natural person who resided in San Antonio, Bexar County, Texas at all times relevant hereto.

12.    Defendant TriSmart Solar, LLC ("TriSmart") is a Texas limited liability company that conducts business throughout the state. TriSmart may be served with process through its registered agent, Mark Bench, at 600 Northpark Central Drive, Suite 140, Houston, TX 77073.

13.    Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

## FACTUAL BACKGROUND

3

14.     On or about January 23, 2012, Plaintiff registered his cellular telephone number, 210-744-9663 ("Plaintiff's Number"), with the National Do Not Call Registry. Plaintiff has never de-listed this number.

15.     Plaintiff is, and has been at all times relevant to this action, the regular and sole user of Plaintiff's Number.

16.     Plaintiff uses his cellular phone primarily for personal, residential, and household purposes.

17.     Plaintiff's Number is designated for residential use, as it is assigned to a consumer telephone exchange service and is not assigned to a telephone exchange service designated for business use.

18.     Plaintiff has never had any prior business relationship with Defendant, has never been a customer, and has never granted express written consent to Defendant or any entity acting on their behalf to receive telemarketing calls.

19.     Starting on or around April 2025, Plaintiff began receiving numerous unsolicited telemarketing calls to Plaintiff's Number. The purpose of these calls was to generate leads for the sale of solar panel goods and services.

20.     Specifically, on April 22, 2025, at approximately 11:55 AM, Plaintiff received a call from the spoofed number 210-437-1892. Upon answering, Plaintiff experienced a noticeable pause, followed by an audible "beep" and a brief period of dead air before a live agent began speaking. This sequence is a hallmark of a call initiated by an Automatic Telephone Dialing System ("ATDS").

21.     Due to the callers' refusal to stop calling or provide identifying information in numerous previous calls, Plaintiff was forced to feign interest during the April 22nd call to

4

schedule a follow-up appointment, for the sole purpose of uncovering the identity of the true party responsible for the illegal solicitations.

22.    As a direct result of the appointment set with the "Smart Home Solar" agent, Plaintiff received a call later that day, on April 22, 2025, at approximately 5:14 PM, from an individual who identified himself as "Joe" calling on behalf of Defendant TriSmart. This call established that "Smart Home Solar" was acting as a lead generator and agent for TriSmart.

23.    During the 5:14 PM call with "Joe" from TriSmart, Plaintiff made a clear and unequivocal request to be placed on TriSmart's internal do-not-call list and to cease all future calls.

24.    Despite Plaintiff's direct and specific do-not-call request to TriSmart's agent, the calls continued. On June 17, 2025, at approximately 4:19 PM, Plaintiff received another telemarketing call from an agent identifying himself as "Ed" from "Smart Home Solar," originating from the number 210-340-8610. This call, made nearly two months after Plaintiff's do-not-call request, demonstrates that Defendant failed to maintain and honor its internal do-not-call list as required by law.

25.    Defendant TriSmart is therefore directly or, in the alternative, vicariously liable for the unlawful telemarketing calls placed to Plaintiff. TriSmart benefited financially from the lead-generation activities of "Smart Home Solar," and "Smart Home Solar" acted with the apparent or actual authority of TriSmart. The use of a fictitious business name and spoofed numbers constitutes a deliberate scheme to obscure TriSmart's identity, circumvent federal and state do-not-call laws, and continue its unlawful telemarketing campaign unabated.

26.    Defendant's actions of repeatedly calling Plaintiff's residential telephone number using deceptive tactics, and continuing to call after Plaintiff's do-not-call requests, were willful and knowing violations that caused Plaintiff harm, including invasion of privacy, aggravation,

annoyance, wasted time, anxiety, depletion of his cellular phone's battery life and intrusion upon seclusion.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c))

27.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 26.

28.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

29.     At all relevant times mentioned herein, Plaintiff's cellular telephone number, (210) 744-9663, was and remains registered on the National Do-Not-Call Registry. Plaintiff's number had been on the Registry for more than 31 days prior to Defendants' calls.

30.     Defendant, in violation of 47 U.S.C. § 227(c), initiated, or caused to be initiated, multiple telephone solicitations to Plaintiff's registered telephone number for the purpose of encouraging the purchase of its solar panel goods and services.

31.     Defendant did not have Plaintiff's prior express written consent to place these telemarketing calls, nor did they have an established business relationship that would exempt them from the TCPA's prohibitions.

32.     The aforementioned violations were made willfully and knowingly. Defendant's knowledge is evidenced by their use of spoofed numbers and fictitious business names to conceal their identity.

33.     As a direct and proximate result of Defendant's violations, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore,

because Defendant's violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award treble damages up to $1,500 for each violation.

## COUNT II
### Violation of the Telephone Consumer Protection Act
### Failure to Honor Do-Not-Call Request
### (47 C.F.R. § 64.1200(d))

34.     Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 26.

35.     The TCPA and its accompanying regulations impose an affirmative obligation upon entities engaged in telemarketing to honor consumer requests to cease such solicitations. *See* 47 C.F.R. § 64.1200(d)(6).

36.     Specifically, 47 C.F.R. § 64.1200(d)(6) requires a "person or entity making calls for telemarketing purposes" to "maintain a record of a consumer's request not to receive further telemarketing calls" and honor said request "for 5 years from the time the request is made."

37.     As alleged herein, on multiple occasions on or around April 2025, Plaintiff made clear and unequivocal requests to Defendant to stop calling his telephone number. Plaintiff made another such request directly to "Joe" during the call on April 22, 2025.

38.     Despite these direct requests, Defendant failed to record and honor Plaintiff's do-not-call requests and continued to initiate or cause to be initiated telemarketing calls to Plaintiff's Number.

39.     Defendant's failure to have procedures in place to honor do-not-call requests, and their subsequent calls to Plaintiff after he had instructed them to stop, constitute multiple, separate violations of 47 C.F.R. § 64.1200(d).

40.     The aforementioned violations were made willfully and knowingly. Defendant's willful intent is evidenced by the pattern of continued calls after Plaintiff's repeated requests and their use of deceptive tactics to obscure their identity.

7

41.     As a direct and proximate result of Defendant's violations, Plaintiff is entitled to statutory damages of up to $500 for each and every call that violated the TCPA. Furthermore, because Defendant's violations were willful and knowing, Plaintiff is entitled to, and the Court has the discretion to award treble damages up to $1,500 for each violation.

**COUNT III**
**Violation of the Texas Business and Commerce Code**
**(Tex. Bus. & Com. Code § 302.101)**

42.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 26.

43.     Defendants engaged in "telephone solicitation" as defined by Tex. Bus. & Com. Code § 302.001(7), as their unsolicited calls to Plaintiff were made for the purpose of soliciting the sale of solar panel goods and services.

44.     Tex. Bus. & Com. Code § 302.101 requires a person to register with the Texas Secretary of State before making telephone solicitations to a consumer in Texas.

45.     A diligent search of the Texas Secretary of State's publicly available telemarketer database, conducted by Plaintiff on July 15, 2025, confirming that the Defendant is still not registered as a telemarketer as is required to legally engage in telemarketing in the State of Texas. (https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp)

46.     Defendant TriSmart Solar, LLC is directly liable for these violations. As the principal entity that directed, controlled, and financially benefited from the telemarketing campaign targeting Texas consumers, TriSmart had a non-delegable duty to ensure its and its agents' compliance with Texas registration laws, which it failed to do.

47.     Defendants' failure to register before placing telemarketing calls to Plaintiff constitutes multiple, separate violations of this chapter. Section 302.302(a) of the Texas Business

and Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation.

48.    Furthermore, § 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

**COUNT IV**
**Violation of the Texas Business and Commerce**
**(Tex. Bus. & Com. Code § 305)**

49.    Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 26.

50.    Texas Business and Commerce Code § 305.053(a) explicitly provides a civil cause of action to any person who receives a communication that violates the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. As previously alleged, Plaintiff's telephone number has been registered on the national "do-not-call" registry since 2012, and it is therefore included on the Texas no-call list protected by this statute.

51.    As alleged in detail in Counts I, II, and V Defendants violated 47 U.S.C. § 227 by initiating multiple telephone solicitations to Plaintiff's telephone number, despite the number being registered on the National Do Not Call Registry, by failing to honor Plaintiff's direct do-not-call requests, and utilizing and automatic telephone dialing system to place calls to Plaintiff.

52.    Because Defendants' conduct violated 47 U.S.C. § 227, Plaintiff is entitled to bring this separate cause of action for those same violations under Texas state law.

53.    Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or $500 for each and every violation.

54.    Furthermore, because Defendant's violations were committed knowingly or intentionally, as evidenced by their pattern of repeated calls after Plaintiff's direct requests to stop,

9

and their use of deceptive tactics including spoofed numbers and fictitious business names to evade identification, Plaintiff is entitled to an award of treble damages up to $1,500 for each violation, as permitted by Tex. Bus. & Com. Code § 305.053(c).

**COUNT V**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c))**

55.     Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 26.

56.     The TCPA's implementing regulation, 47 USC § 227(b), provides that "[i]t shall be unlawful for any person within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." § 227(b)(1)(A)(iii).

57.     On information and belief, Defendant, directly or through its agents, utilized an ATDS to initiate telemarketing calls to Plaintiff's cellular telephone number. The equipment used by Defendant constitutes an ATDS because it has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

58.     Plaintiff bases this allegation on several facts that, taken together, create a plausible inference of ATDS use. On April 22, 2025, at approximately 11:55 AM, the call Plaintiff received from the spoofed number 210-437-1892 bore the telltale indicia of a call placed by an automated system rather than a live agent manually dialing. Specifically, upon answering, Plaintiff experienced a noticeable pause and a brief period of dead air, which was then followed by an audible "beep" before a live representative was connected to the line.

59.     Beyond the generic and mechanical nature of the call connection, the overall context of Defendant's telemarketing campaign suggests the use of technology capable of random

or sequential number generation to place calls on a massive and indiscriminate scale. The calls were impersonal and generic solicitations for lead generation, not targeted communications to a specific individual. Defendant's agents used a fictitious business name ("Smart Home Solar") and spoofed telephone numbers to conceal their identity, a tactic consistent with high-volume, automated calling campaigns that require such technology to evade call-blocking services and maximize outreach. This conduct is inconsistent with a targeted campaign of manual dialing and is instead indicative of a system that dials from lists of numbers that were stored or produced using a random or sequential number generator.

60.     Defendant initiated these calls to Plaintiff's cellular telephone number without Plaintiff's prior express consent.

61.     The aforementioned violations were made willfully and knowingly. Defendant's use of a sophisticated system capable of the foregoing actions, combined with its use of deceptive tactics like spoofing and fictitious names to hide its identity, demonstrates that its violations were not accidental but were part of a deliberate telemarketing strategy that consciously disregarded federal law.

62.     As a result of Defendant's conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(b)(3), is entitled, to receive up to $500 in damages for such violation.

63.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief against Defendants, jointly and severally:

A.  For Defendants' violations of the TCPA, 47 U.S.C. § 227(c), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

B.  For Defendants' violations of the TCPA, 47 U.S.C. § 227(b), award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was willful and knowing, thereby trebling the damages to $1,500.00 for each and every violation;

C.  For Defendants' violations of the Texas Business & Commerce Code § 302.101, award Plaintiff statutory damages of up to $5,000.00 for each and every violation;

D.  For Defendants' violations of the Texas Business & Commercial Code § 305, award Plaintiff statutory damages of $500.00 for each violation, and find that Defendants' conduct was knowing or intentional, thereby increasing the damages to $1,500.00 for each and every violation;

E.  Issue a permanent injunction prohibiting Defendants, their agents, and employees from placing any further telephone solicitations to Plaintiff in violation of the TCPA and the Texas Business and Commerce Code;

F.  Award Plaintiff all reasonable attorneys' fees, witness fees, court costs, and other litigation expenses incurred by Plaintiff pursuant to Tex. Bus. & Com. Code § 302.302(d);

G.  Award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

H.  Grant any other and further relief, both at law and in equity, that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Mark Anthony Ortega, demands a jury trial in this case.

Dated: July 15, 2025                                    Respectfully submitted,


Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
 210) 744-9663