IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Mark Anthony Ortega | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 5:25-CV-00865-JKP-HJB |
| | § | |
| TriSMART Solar, LLC | § | |
| *Defendant* | § | |

### DEFENDANT TRISMART SOLAR, LLC'S ANSWER

Defendant TRISMART SOLAR, LLC, by its undersigned counsel, answers Plaintiff Mark Ortega's complaint as follows:

1. Defendant denies the allegations in this paragraph.

2. Defendant denies the allegations in this paragraph.

### Background on the TCPA

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

### Jurisdiction and Venue

6. Defendant admits that the Plaintiff has asserted a TCPA claim, and that the Court has subject matter jurisdiction over that claim. Defendant denies that it has violated the TCPA.

7. Defendant admits that the Plaintiff has asserted claims under TEX. BUS. & COM. CODE § 302 and § 305, and that the Court has supplemental jurisdiction over those claims. Defendant denies that it has violated those statutes.

8. Defendant admits that the Plaintiff has asserted claims under TEX. BUS. & COM. CODE § 302 and § 305, and that the Court has supplemental jurisdiction over those claims. Defendant denies that it has violated those statutes.

9. Defendant denies the allegations in this paragraph.

10. Defendant admits that Plaintiff has pled sufficient claims for venue to be proper in this judicial district. Defendant denies that it has violated the statutes as Plaintiff alleges.

**Parties**

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

12. Defendant admits the allegation in this paragraph.

13. Defendant admits the allegation in this paragraph.

**Factual Background**

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

18. Defendant admits that it has not had a prior business relationship with Plaintiff, and that Plaintiff has not been a customer of Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation in this paragraph.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

22. Defendant denies that "Smart Home Solar" is a lead generator or agent of Defendant. Defendant denies that "Joe" was an agent or employee of Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation in this paragraph.

23. Defendant denies that "Joe" was an agent or employee of Defendant. Defendant denies that Plaintiff made a request to TRISMART or an agent of TRISMART to be placed on TRISMART'S internal do not call list. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation in this paragraph.

24. Defendant denies that Plaintiff made a request to TRISMART or an agent of TRISMART to be placed on TRISMART'S internal do not call list. Defendant denies that it failed to maintain and honor its internal do-not-call list as required by law. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation in this paragraph

25. Defendant denies the allegations in this paragraph.

26. Defendant denies the allegations in this paragraph.

## Count I

27. Defendant incorporates by reference its responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

30. Defendant denies the allegations in this paragraph.

31. Defendant denies that it made the telemarketing calls claimed by Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

32. Defendant denies the allegations in this paragraph.

33. Defendant denies the allegations in this paragraph.

## Count II

34. Defendant incorporates by reference its responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

37. Defendant denies that Plaintiff made any requests to Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

38. Defendant denies the allegations in this paragraph.

39. Defendant denies the allegations in this paragraph.

40. Defendant denies the allegations in this paragraph.

41. Defendant denies the allegations in this paragraph.

## Count III

42. Defendant incorporates by reference its responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

43. Defendant denies the allegations in this paragraph.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

46. Defendant denies the allegation in this paragraph.

47. Defendant denies the allegation in this paragraph.

48. Defendant denies the allegation in this paragraph.

## Count IV

49. Defendant incorporates by reference its responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

51. Defendant denies that it initiated any calls to Plaintiff, denies that it violated 47 USC § 227, denies that it received or failed to honor a direct do-not-call request, and denies that it utilized an ATDS to place calls to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

52. Defendant denies that its conduct violated 47 USC § 227. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

53. Defendant denies the allegation in this paragraph.

54. Defendant denies the allegation in this paragraph.

### Count V

55. Defendant incorporates by reference its responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

57. Defendant denies the allegation in this paragraph.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

59. Defendant denies the allegation in this paragraph.

60. Defendant denies the allegation in this paragraph.

61. Defendant denies the allegation in this paragraph.

62. Defendant denies the allegation in this paragraph.

63. Defendant denies the allegation in this paragraph.

### Demand for Relief

Defendant denies that it is liable for Plaintiffs claims, and denies that Plaintiff is entitled to the relief requested.

A.   Defendant denies the allegation in this paragraph. Defendant denies that Plaintiff is entitled to recovery of damages.

B.   Defendant denies the allegation in this paragraph. Defendant denies that Plaintiff is entitled to recovery of damages.

C.   Defendant denies the allegation in this paragraph. Defendant denies that Plaintiff is entitled to recovery of damages.

D.   Defendant denies the allegation in this paragraph. Defendant denies that Plaintiff is entitled to recovery of damages.

E.   Defendant denies the allegation in this paragraph. Defendant denies that Plaintiff is entitled to the relief requested.

F.   Defendant denies the allegation in this paragraph. Defendant denies that Plaintiff is entitled to the relief requested. Defendant denies that Plaintiff is entitled to recovery of attorney fees as he is a *pro-se* litigant and cannot incur attorneys' fees.

G.   Defendant denies the allegation in this paragraph. Defendant denies that Plaintiff is entitled to the relief requested.

H.   Defendant denies the allegation in this paragraph. Defendant denies that Plaintiff is entitled to the relief requested.

### Demand for Jury Trial

Defendant admits that Plaintiff has requested a jury trial.

**Affirmative and Other Defenses**

1. Plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff's "Claim II" fails to state a claim because the statute requires more than one contact after requesting to be placed on a do-not-call list, and Plaintiff has alleged only one contact after Plaintiff claims he requested to be placed on the do-not-call list.

2. Plaintiff's claims against Defendant are barred, in whole or in part, because the Plaintiff never contacted Defendant to request that Plaintiff's number be placed on Defendant's internal do-not-call list.

3. Plaintiff's claims against Defendant are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of third parties, specifically "Joe," "Ed," and "Smart Home Solar." These third parties are not the Defendant, are not agents or employees of Defendant, and are not under the control of Defendant.

4. "Joe," "Ed," and "Smart Home Solar" are alleged to have caused or contributed to causing the harm Plaintiff is seeking recovery for, making them responsible third parties as that term is defined in Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 33.011(6). The comparative fault of "Joe," "Ed," and "Smart Home Solar" should be presented to the jury.

5. Defendant did not employ or authorize "Joe," "Ed," or "Smart Home Solar" to make telephone solicitations on behalf of Defendant. Because of this, the calls described by Plaintiff are not "telephone solicitations" made by Defendant as defined by TEX. BUS. & COM. CODE § 302.001(7).

6. Defendant is exempt from the registration requirements of TEX. BUS. & COM. CODE § 302.101 under the exemption in TEX. BUS. & COM. CODE § 302.059 for "persons who make certain sales presentations or make sales at established retail locations."

7. Defendant did not willfully or knowingly contact the Plaintiff. To the extent there was any violation of the TCPA or equivalent Texas statute, which Defendant denies, Defendant is not liable for treble damages.

## Jury Demand

Defendant TRISMART SOLAR, LLC demands a trial by jury.

## Conclusion and Request for Relief

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff recover nothing, that the Court enter judgment in Defendant's favor, that the Court award Defendant its costs and attorneys' fees pursuant to 28 USC § 1920 and 28 USC § 1927, and that the Court grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

TRISMART SOLAR, LLC

  /s/ *Timothy R. Allen*
TIMOTHY R. ALLEN
Texas Bar No. 24092028
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
832-553-6304
tallen@trismartsolar.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure 5(b)(2)(E) on September 18, 2025.

  /s/ *Timothy R. Allen*
TIMOTHY R. ALLEN