UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-25-CV-865-JKP (HJB) |
| TRISMART SOLAR, LLC, | § § § | |
| Defendant. | § | |

**CORRECTED ORDER SETTING VIDEO
INITIAL PRETRIAL CONFERENCE[1]**

On July 25, 2025, this case was referred by the District Court to the undersigned for disposition of all non-dispositive pretrial matters pursuant to 28 U.S.C. § 636(b).  (*See* Docket Entry 4.)  It is hereby **ORDERED** that a **Video Initial Pretrial Conference ("IPC")** is set on **November 5, 2025**, at **1:00 P.M.**  On the designated date and time of the IPC, the parties are directed to join ZOOMGOV using the following credentials:

https://txwd-uscourts.zoomgov.com/j/16126018188
**Meeting ID: 161 2601 8188**

The parties are responsible for ensuring, **in advance of the IPC**, that their video teleconference equipment is functioning and properly connects with the Court's system.  Parties experiencing any technical difficulties should contact the Courtroom Deputy Cindy Miranda at cindy_miranda@txwd.uscourts.gov.

In preparation for the IPC, **on or before October 29, 2025**, the parties must submit (1) a Joint Federal Rule of Civil Procedure 26(f) Report; (2) Scheduling Recommendations, and (3) an Advisory as to Magistrate Judge Jurisdiction, as described below.

---

[1] The deadline for the parties to produce their IPC documents has been corrected.

**I.      Joint Rule 26(f) Report.**

The parties must submit a Joint Rule 26(f) Report answering the questions below:

1. What are the causes of action, defenses, and counterclaims? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:

    a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the diversity of the parties and the amount in controversy.

    b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should these unserved parties be dismissed?

4. Are there agreements or stipulations that can be made about any facts or any element in the cause(s) of action?

5. Are there any legal issues that can be narrowed by agreement or motion?

6. Are there any issues about preservation of discoverable information?

7. Are there any issues about disclosure or discovery of electronically stored information ("ESI")? In what forms should ESI be produced and will production include metadata?

8. What are the subjects on which discovery may be needed?

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

11. Have the parties discussed early mediation?

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

13. Have the parties considered seeking entry of a confidentiality and protective order? (*See* Local Rules Appendix H-1 and Appendix H-2 for examples of confidentiality and protective orders for use in "standard" and "complex" cases.)

14. What, if any, discovery disputes exist that require the Court's attention at the time of the IPC?

**II.    Scheduling Recommendations**.

In an effort to assist the parties in resolving this case as expeditiously and efficiently as possible, and in accordance with Rule CV-16(c) of the Local Court Rules of the Western District of Texas, the parties must confer and then submit Scheduling Recommendations to the Court. The parties must indicate in their Scheduling Recommendations that they have in fact conferred as required. When conferring, the parties should endeavor to agree concerning proposed dates, but in the event they are unable agree on dates, each party may file its own Scheduling Recommendations including the reason(s) for the disagreement.

The Scheduling Recommendations must include the following deadlines and should be submitted in a format similar to the attached detailed Scheduling Recommendations:

1. Initial Disclosure: ***(no deadline needed unless determined otherwise at the IPC)***. The parties must make initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. Alternative Dispute Resolution ("ADR") Report.  On or before ***(the suggested period being 30 days from the date of the IPC)***, the parties must submit a Joint Report indicating their agreement regarding a method of ADR, an ADR provider,

3

    the method of compensating the provider, and a date for completing the ADR proceeding no later than the date set out in Paragraph 8 below. *See* Local Rule CV-88(a).

3. <u>Offer of Settlement</u>:  Parties asserting claims for relief must submit a written offer of settlement to opposing parties on or before **(*the suggested period being <u>60 days</u> from the date of the IPC*)**, and each opposing party must respond, in writing on or before **(*the suggested period being <u>14 days</u> after receipt of the offer of settlement*)**.

4. <u>Amend Pleadings or Join Parties</u>:  On or before **(*the suggested period being <u>60 days</u> from the date of the IPC*)**, the parties must file any motion seeking leave to amend or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is **(*the suggested period being <u>60 days</u> from the date of the IPC*)**.

5. <u>Designation of Experts</u>:  Parties asserting claims for relief must file their designation of testifying experts and serve on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **(*the standard period being <u>90 days</u> from the date of the IPC*)**.

6. <u>Designation of Experts (*Continued*)</u>:  Parties resisting claims for relief must file their designation of testifying experts and serve on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **(*the standard period being <u>120 days</u> after the date of the IPC*)**.

7. <u>Discovery</u>:  The parties must initiate all discovery procedures in time to complete discovery on or before **(*the suggested period being <u>180 days</u> from the date of the IPC*)**.

8. <u>ADR</u>:  The parties must complete mediation or other ADR in this case on or before **(*the suggested period being <u>15 days</u> after the discovery deadline*)**.

9. <u>Expert Dispute Motions</u>:  On or before **(*the standard period being <u>30 days</u> after the discovery deadline*)**, the parties must file any motions to challenge or exclude expert witnesses.

10. <u>Dispositive Motions</u>:  On or before **(*the standard period being <u>45 days</u> after the discovery deadline*)**, parties must file any dispositive motions, including motions for summary judgment on all or some of the claims.

Although the Proposed Scheduling Recommendations will be considered by Court, the setting of all dates is within the discretion of the Court.

### III.     Advisory as to Magistrate Jurisdiction.

Pursuant to 28 U.S.C. § 636(c)(1), full-time Magistrate Judges are authorized to conduct the trial of any civil case, jury or non-jury, with the consent of all parties to the lawsuit and the approval of the District Court.  If the parties have not already done so, they must indicate their consent or non-consent on the attached form (Consent Advisory to the Clerk of Court).  Consent to trial by a Magistrate Judge must be voluntary and any party is free to withhold consent without suffering any adverse consequences.  If all parties consent to trial of this case by a Magistrate Judge, the District Court may enter an order assigning it to a Magistrate Judge for trial and entry of Judgment.  If, as in this lawsuit, the case has already been referred to a Magistrate Judge for pretrial matters and the parties consent to Magistrate Judge jurisdiction, it will be reassigned to the Magistrate Judge to whom the case is already referred.

It is so **ORDERED**.

**SIGNED** on September 29, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | SA-25-CV-865-JKP (HJB) |
| TRISMART SOLAR, LLC, | | |
| Defendant. | | |

**[FORMAT]**
**PROPOSED SCHEDULING RECOMMENDATIONS**

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. The parties must make initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. On or before [INSERT DATE] the parties must submit a Joint Report indicating their agreement regarding a method of ADR, an ADR provider, the method of compensating the provider, and a date for completing the ADR proceeding no later than the date set out in Paragraph 10 below. *See* Local Rule CV-88(a).

3. Parties asserting claims for relief must submit a written offer of settlement to opposing parties on or before [INSERT DATE] and each opposing party must respond, in writing on or before [INSERT DATE]. All offers of settlement are to be private, not filed. The parties must retain the written offers of settlement and response, as the Court will use these in assessing attorney's fees and costs at the conclusion of the proceedings. At any time, if the parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory must state the parties who reached the settlement and whether a settlement conference is required or desired. If a conference is requested, the parties must confer and provide mutually agreeable potential dates for the conference.

4. On or before [INSERT DATE] the parties must file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practice & Remedies Code § 33.004(a), is [INSERT DATE].

5. Parties asserting claims for relief must file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before [INSERT DATE].

6. Parties resisting claims for relief must file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before [INSERT DATE].

7. Parties must file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

8. The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

9. The parties must initiate all discovery procedures in time to complete discovery on or before [INSERT DATE]. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(e). The parties may be agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in exceptional circumstances. *See id*. No trial date setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery.

10. Parties must complete the agreed mediation or other ADR proceeding by [INSERT DATE]. At the conclusion of any ADR proceeding, a report must be filed with the Court. *See* Local Rule CV-88(g).

11. On or before [INSERT DATE], the parties must file any motion to challenge or exclude expert witnesses. Any such motion must specifically state the basis for the motion and identify the objectionable testimony.

12. On or before [INSERT DATE], the parties must file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

13. The District Court will set dates for trial and the final pretrial conference after receiving and reviewing filed dispositive motions or after the deadline for such motions passes

without a pertinent filing. At that time, it will likewise set appropriate deadlines for trial and pretrial conference matters.

_____
(Signature)

CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-25-CV-865-JKP (HJB) |
| TRISMART SOLAR, LLC, | § § § | |
| Defendant. | § | |

**CONSENT ADVISORY TO THE CLERK OF COURT**

The undersigned party in the above captioned case elects as follows (please select only one of the following options):

☐ <u>I Consent to Proceed Before A United States Magistrate Judge in accordance with provisions of 28 U.S.C. § 636.</u>  The undersigned party in the above captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment. Any appeal must be taken to the United States Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 636(c)(3).

☐ <u>I Do Not Consent to Proceed Before A United States Magistrate Judge</u>. The undersigned party in the above captioned case elects not to have this case decided by a United States Magistrate Judge, and prefers that this case proceed before the District Judge.

_____          Dated: _____, 202\_\_.
Party Name (Printed)

By: _____
    Signature of Attorney or *Pro Se* Party