IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Mark Anthony Ortega | § | |
|      *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 5:25-CV-00865-JKP-HJB |
| | § | |
| TriSMART Solar, LLC | § | |
|      *Defendant* | § | |

### JOINT RULE 26(f) REPORT

Pursuant to the Court's Corrected Order Setting Video Initial Pretrial Conference (ECF No. 11), the parties met and conferred by phone conference on October 7, 2025.

Where the parties disagree regarding a response, or the question necessarily required separate responses from each party, each party's response is separately labeled. Where the parties agree on a single response, it is labeled as a joint response. The parties jointly submit the following Rule 26(f) Report:

**1. What are the causes of action, defenses, and counterclaims? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

**Plaintiff's Answer:**

The Plaintiff, Mark Anthony Ortega, asserts the following causes of action:

Violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(c)(5): The Defendants made unsolicited telemarketing calls to Plaintiff's cellular telephone number, which is registered on the National Do Not Call Registry. The elements of this claim are: (1) the defendant called or texted a telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for the purpose initiating any telephone solicitation.

Violation of the Texas Business and Commercial Code (TBCC), Chapter 302.101:  The Defendants made telephone solicitations to the Plaintiff located in Texas without holding the required registration certificate for the business location from which the solicitations were made. The elements of this claim are: (1) the Defendants made a telephone solicitation; (2) from a location in Texas or to a purchaser in Texas; (3) without holding a valid registration certificate for the location from which the solicitation was made.

Violation of the Telephone Consumer Protection Act (TCPA), 47 C.F.R. § 64.1200(d)(6): Despite Plaintiff clearly revoking consent to further solicitations via text message, the Defendants failed to honor the do-not-call request and continued making telemarketing calls to the Plaintiff. The elements are: (1) the Plaintiff made a do-not-call request; (2) the Defendants received and had knowledge of the request; (3) the Defendants made subsequent telemarketing calls despite the request.

Violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A): The Defendants used an automatic telephone dialing system (ATDS) to make telemarketing calls to the Plaintiff's cellular telephone number without prior express consent. The elements are: (1) use of an ATDS or prerecorded message; (2) to make calls to a cellular telephone; (3) for telemarketing purposes; (4) without prior express consent.

Violation of the Texas Telephone Solicitation Act (TTSA), Tex. Bus. & Com. Code Ann. § 305.001 which provides a private right of action for any person who receives a communication that violates the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Plaintiff must prove the elements of one or more of the underlying TCPA violations alleged.

The Defendants' primary defenses are anticipated to be: (1) a challenge to the applicability of the TCPA and TTSA to their conduct; (2) arguments that express consent was given (or that the calls were not telemarketing); and (3) a denial that they violated the do-not-call request requirements of the TCPA and its accompanying regulations.

**Defendant's Answer:**

Defendant believes that Plaintiff has improperly stated the elements of some of Plaintiff's claims. Defendant has also asserted an affirmative defense for one of Plaintiff's claims. Defendant presents what it believes are the proper elements of each of Plaintiff's claims and of Defendant's affirmative defense below:[1]

**Claim 1 – Violation of 47 USC 227(c)**

Both "Count I" and "Count II" of Plaintiff's petition present the same cause of action. Specifically, both present a claim under the private right of action authorized in 47 USC § 227(c)(5). The basis for Count I and Count II are violations of two different subsections of 47 CFR § 64.1200.

---

[1] Defendant has not made any counterclaims or cross-claims. If the responsible third parties are identified and served, Defendant may need to amend to assert cross-claims against those parties.

47 USC § 227(c) creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity **in violation of the regulations prescribed** under this subsection…" (emphasis added).

Although the Plaintiff does not specifically cite the regulation allegedly violated in Count I of his complaint, Count I appears to allege a claim under 47 USC § 227(c) based on a violation of the regulation stated in 47 CFR § 64.1200(c)(2)[2].

Although the Plaintiff does not state the statute that allows a private right of action in Count II of his complaint, Count II appears to allege a claim under 47 USC § 227(c) based on a violation of the regulation stated in 47 CFR § 64.1200(d)(6).

Since both of these Counts allege a violation of the same statute, they should be presented as a single claim. Accordingly, Defendant believes the proper statement of this claim is:

To prove a violation of section (c) of the TCPA, Plaintiff must show by a preponderance of the evidence that:

1. Plaintiff used his phone as a residential telephone subscriber,
2. Calls were placed by Defendant or on Defendant's behalf to Plaintiff's phone number two or more times in a 12-month period, and
3. Either
   a. Plaintiff registered his telephone number on the national Do Not Call Registry, or
   b. Defendant failed to maintain a record of Plaintiff's request not to receive further calls on its internal do not call list.

The Court would need to submit a question regarding which calls, if any, violated the TCPA.

The Court would need to submit a damages question. Plaintiff may seek statutory damages "up to $500" or actual monetary losses. Either would require a damages question.

**Claim 2 – Violation of Tex. Bus. & Com. Code 302.101**

"Count III" alleges a violation of Tex. Bus. & Com. Code § 302.101. Chapter 302 does not contain a private right of action.[3] Instead, it is treated as "tie in" statute to the Texas DTPA.

---

[2] "No person or entity shall initiate any telephone solicitation to … a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

[3] TEX. BUS. & COM. CODE §§ 302.301-302 allows the Texas Attorney General to seek an injunction and civil penalties, but does not create a private cause of action under Chapter 302.

Specifically, section 302.303 states that a violation of Chapter 302 is treated as a "false, misleading or deceptive act" under Subchapter E, Chapter 17 (the Texas DTPA) and that a private right prescribed by Subchapter E, Chapter 17, may be used to enforce this chapter.

**Because Plaintiff has not asserted a cause of action under the Texas DTPA, and Chapter 302 does not have a private right of action, this claim fails as a matter of law and no question should be submitted to the jury for this claim.**

Even if the Plaintiff amends to assert a DTPA claim for violation of Chapter 302, the Plaintiff must prove the elements required for a DTPA claim. Accordingly, Defendant believes the proper statement of that claim would be:

To prove a violation of the Texas DTPA, Plaintiff must show by a preponderance of the evidence that:

1. Plaintiff is a consumer.
2. Defendant can be sued under the DTPA.
3. Defendant employed a "false, misleading or deceptive act or practice," specifically that:
   a. Defendant was a seller,
   b. Defendant made a telephone solicitation to Plaintiff, and
   c. Defendant did not hold a registration certificate for the business location from which the telephone solicitation was made.
4. Defendant's action was a producing cause of Plaintiff's damages.

The Court would need to submit a question regarding which calls, if any, violated the DTPA.

The Court would also need to submit a damages question for economic damages allowed under the DTPA.[4]

If the jury found that each element of the DTPA claim was met, then Defendant would present an **affirmative defense** to this claim, based on an exemption to registration under section 302.059. Defendant believes the proper statement of this affirmative defense is:

Defendant claims that it is exempt from registration. To show it is exempt from registration from registration, Defendant must show by a preponderance of the evidence that:

---

[4] Defendant does not believe the "Civil Penalty" described in section 302.302(a) is an element of economic damages that may be recovered under the DTPA in a private right of action. "Civil Penalty" is a term used throughout the Texas Business and Commerce Code for penalties paid to the State of Texas for violations of various chapters, distinct from "damages" that may be awarded to individual members of the public. Defendant anticipates briefing this issue more fully either at the time summary judgment motions are filed, or when the Court considers its jury charge.

1. Defendant does not intend to complete or obtain provision acceptance of a sale during the telephone solicitation.
2. Defendant does not make a major sales presentation during the telephone solicitation but arranges for a major sales presentation to be made face-to-face at a later meeting between the salesperson and the purchaser.
3. Defendant does not cause an individual to go to the purchaser to collect payment for the purchase or to deliver an item purchased directly following the telephone solicitation.

**Claim 3 – Violation of Tex. Bus. & Com. Code 305.053**

"Count IV" alleges a violation of Tex. Bus. & Com. Code § 305.053. Chapter 305 authorizes a private right of action for a violation of 47 USC § 227 or a regulation adopted under that statute.

Plaintiff has made claims of violations of 47 USC § 227(c) (Claim 1) and 47 USC § 227(b) (Claim 4) and those elements are not reproduced here.

The sole element of this claim is that a violation of 47 USC § 227 or a regulation adopted under that provision occurred. Therefore, this claim does not need to be presented separately to the jury, as it has no elements that differ from the claims asserted in Claim 1 and Claim 4.

Unlike the TCPA, which allows damages "up to $500" per violation, this statute sets a statutory damage amount of $500 unless the Plaintiff proves greater actual damages. Therefore, unless the Plaintiff seeks greater than $500 in actual damages per alleged call, the Court could make findings on this claim based on the jury's answers to the other Claims. If the Plaintiff seeks actual damages greater than $500 per call, then a damage question would need to be submitted to the jury.

**Claim 4 – Violation of 47 USC § 227(b)**

"Count V" alleges a claim under the private right of action authorized in 47 USC § 227(b)(3) for a violation of 47 USC § 227(b)(1)(A).

Defendant believes the proper statement of this claim is:

To prove a violation of section (b) of the TCPA, Plaintiff must prove by a preponderance of the evidence that:

1. Defendant made a call to Plaintiff using an Automatic Telephone Dialing System,
2. Plaintiff's telephone number is assigned to a cellular telephone service, and
3. Plaintiff had not given prior express consent to the call.

The Court would need to submit a question regarding which calls, if any, violated this section of the TCPA.

Subsection (b) allows for the greater of actual monetary loss or $500 in damages for each violation. Accordingly, the Court would only need to submit a damages question if Plaintiff is seeking damages for actual monetary loss greater than $500 per call.

**2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**
   **a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the diversity of the parties and the amount in controversy.**
   **b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

**Joint Answer:**

There are no outstanding jurisdictional issues.

The Court has subject matter jurisdiction based on its Federal Question jurisdiction.

Although TriSMART denied the basis for personal jurisdiction alleged in paragraph 9 of Plaintiff's Original Complaint, TriSMART has its principal place of business in Texas, so does not dispute that personal jurisdiction exists in this matter.

**3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should these unserved parties be dismissed?**

**Plaintiff's Answer:**

No, there are no unserved parties at this time. The sole named Defendant, TriSmart Solar, LLC, has been served. Plaintiff has alleged that Defendant utilized third-party agents and lead generators, including an entity operating as "Smart Home Solar," whose specific identities are currently unknown. Plaintiff anticipates identifying these potential additional parties through discovery from Defendant and may seek leave to amend the complaint to add them once their identities are ascertained. Therefore, the issue of dismissing unserved parties is not applicable at this stage.

**Defendant's Answer:**

      There are no unserved parties.

      TriSMART contends that two individuals and one entity identified by Plaintiff in Plaintiff's Original Petition, "Joe," Ed," and "Smart Home Solar," are not employees or agents of TriSMART and should be designated as responsible third parties pursuant to TEX. CIV. PRAC. & REM. CODE § 33.004.

**4. Are there agreements or stipulations that can be made about any facts or any element in the cause(s) of action?**

**Joint Answer:**

None at this time.

**5. Are there any legal issues that can be narrowed by agreement or motion?**

**Plaintiff's Answer:**

None at this time.

**Defendant's Answer:**

      None at this time. Defendant anticipates seeking a determination as to whether the "civil penalty" described in Tex. Bus. & Com. Code § 302.302(a) is a recoverable element of damage in a private action under the Texas DTPA.

**6. Are there any issues about preservation of discoverable information?**

**Joint Answer:**

      None at this time.

**7. Are there any issues about disclosure or discovery of electronically stored information ("ESI")? In what forms should ESI be produced and will production include metadata?**

**Joint Answer:**

None at this time. The parties will collaborate regarding any ESI issues.

**8. What are the subjects on which discovery may be needed?**

**Plaintiff's Answer:**

Plaintiff anticipates conducting discovery into all of Defendants' defenses, depositions of defendants and other parties involved, as well as production of the following documents related to:

Defendants' Call/Text Records: This includes all records related to calls or text messages made to the Plaintiff, including date, time, duration, originating number, and any automated messages or scripts used.

Defendants' Telemarketing Practices: This includes information about the Defendant's procedures for making telemarketing calls, including the use of automatic telephone dialing systems (ATDS), prerecorded or artificial voice messages, and policies related to the National Do Not Call Registry.

Defendants' Registration Status: Documentation related to the Defendant's registration (or lack thereof) as a telemarketer in Texas, as required by TBCC § 302.101.

Defendants' Knowledge of the DNC Registry: Evidence showing whether the Defendants had access to and knowledge of the National Do Not Call Registry and Plaintiff's registration on the registry.

Lack of Plaintiff's Consent: Any documentation or communication related to Plaintiff's alleged consent to receive calls/texts from the Defendants. This may include contracts, agreements, website terms and conditions, or other forms of consent.

Defendant's Internal Policies and Procedures: Documentation relating to training materials, employee manuals, or any internal guidance related to compliance with the TCPA and TBCC.

Identities of Individuals Involved: Information regarding the identities and roles of all individuals involved in the alleged unlawful calls/texts, including managers, supervisors, and employees.

Communications between Plaintiff and Defendants: All correspondence, including emails, text messages, and voicemails, exchanged between the Plaintiff and Defendants regarding the calls/texts.

**Defendant's Answer:**

Defendant anticipates seeking discovery regarding the elements of Plaintiff's claims, including:

- Evidence of Plaintiff's number being registered on the National Do-Not-Call Registry.
- Evidence that Plaintiff's number is used as a residential number.
- Calls made to or from Plaintiff's number in April and June of 2025.
- Text messages sent to or from Plaintiff's number in April and June of 2025.
- Content of any calls, text messages, or other written correspondence allegedly made to Plaintiff by Defendant, including any recordings thereof.
- Plaintiff's alleged damages and damage calculations.

## 9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

### Joint Answer:

The parties exchanged their initial disclosures on or before October 28, 2025.

No changes to the timing, form, or requirement for initial disclosures are needed by the parties.

## 10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

### Joint Answer:

Beyond initial disclosures, discovery has not yet been propounded by either party.

Both parties anticipate sending interrogatories, requests for production, and requests for admission. Depending on the answers to this initial written discovery, either party may send targeted follow-up written discovery, request depositions of the opposing party, and/or request depositions or depositions on written questions from third parties.

The parties recommend 9 months to conduct discovery given the time needed to identify and join unidentified third parties and conduct discovery on those parties.

The parties do not anticipate discovery will need to be handled in phases beyond sending initial paper discovery before any depositions, or require limitations beyond the scope of the Federal Rules of Evidence.

**11. Have the parties discussed early mediation?**

**Plaintiff's Answer:**

The parties do not believe early mediation would be successful in this case. The Plaintiff remains willing to mediate this case, however, the Plaintiff also requires information about the nature, scope, and extent of the telemarketing conduct before mediating.

**Defendant's Answer:**

The parties do not believe early mediation would be successful in this case. Defendant feels that before mediation, the parties should propound and respond to the first round of written discovery, Plaintiff should make his written offer of settlement, and Defendant should make its written response to that offer.

Beyond those initial documents, Defendant understands that Plaintiff may need to conduct additional discovery he feels is necessary to allow mediation to be successful. Defendant would therefore defer to Plaintiff regarding what discovery he needs before mediation.

**12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

**Joint Answer:**

The parties have agreed to request the standard confidentiality order (Appendix H-1), which includes an FRE 502 order.

The parties have filed the proposed confidentiality order with this Joint Report. If the Court requires a separate written motion before entering the confidentiality order, the parties will prepare a joint motion requesting entry of that order.

**13. Have the parties considered seeking entry of a confidentiality and protective order? (See Local Rules Appendix H-1 and Appendix H-2 for examples of confidentiality and protective orders for use in "standard" and "complex" cases.)**

**Joint Answer:**

The parties have agreed to request the standard confidentiality order (Appendix H-1).

The parties have filed the proposed confidentiality order with this Joint Report. If the Court requires a separate written motion before entering the confidentiality order, the parties will prepare a joint motion requesting entry of that order.

**14. What, if any, discovery disputes exist that require the Court's attention at the time of the IPC?**

**Joint Answer:**

None at this time.

Respectfully submitted,

**TRISMART SOLAR, LLC**

| | |
|---|---|
| /s/ *Mark A. Ortega* | /s/ *Timothy R. Allen* |
| **MARK ANTHONY ORTEGA** | **TIMOTHY R. ALLEN** |
| Plaintiff, Pro Se | TBN: 24092028 |
| PO Box 702099 | 600 Northpark Central Drive, Suite 140 |
| San Antonio, TX 78270 | Houston, Texas 77073 |
| 210-744-9663 | 832-553-6304 |
| mortega@utexas.edu | tallen@trismartsolar.com |

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure 5(b)(2)(E) on October 29, 2025.

/s/ *Timothy R. Allen*
**TIMOTHY R. ALLEN**