UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ANTHONY ORTEGA, § <br> § <br> Plaintiff, § <br> § <br> v. §     SA-25-CV-865-JKP (HJB) <br> § <br> TRISMART SOLAR, LLC, § <br> § <br> Defendant. § | |

## SCHEDULING ORDER

The District Court has referred this case to the undersigned for disposition of all non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b). (*See* Docket Entry 4.) In consideration of the parties' Proposed Scheduling Recommendations (Docket Entry 13), and in accordance with the Court's ruling at the Initial Pretrial Conference held on today's date, the disposition of this case will be controlled by the following dates:

    1.    On or before **December 5, 2025**, the parties must submit a Joint Report indicating their agreement regarding a method of ADR, an ADR provider, the method of compensating the provider, and a date for completing the ADR proceeding, no later than the date set out in Paragraph 9 below. *See* Local Rule CV-88(a).

    2.    Parties asserting claims for relief must submit a written offer of settlement to opposing parties on or before **January 12, 2026**, and each opposing party must respond, in writing on or before **January 26, 2026**. All offers of settlement are to be private, not filed. The parties shall retain the written offers of settlement and response, as the Court will use these in assessing attorney's fees and costs at the conclusion of the proceedings. At any time, if the parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory must state the parties who reached settlement and whether a settlement conference is required or desired. If a hearing is requested, the parties must confer and provide mutually agreeable potential dates for the hearing.

    3.    On or before **January 12, 2026**, the parties must file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practice & Remedies Code § 33.004(a) by this same date.

4. Parties asserting claims for relief must file their designation of testifying experts and serve on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **April 6, 2026**.

5. Parties resisting claims for relief must file their designation of testifying experts and serve on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **May 6, 2026**.

6. Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

7. The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

8. Parties shall initiate all discovery procedures in time to complete the discovery on or before **August 4, 2026**. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(e). Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in exceptional circumstances. *See id.* No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery.

9. Parties must complete the agreed mediation or other ADR proceeding **August 19, 2026**. At the conclusion of any ADR proceeding, a report must be filed with the Court. *See* Local Rule CV-88(g).

10. On or before **September 3, 2026**, the parties must file any motions to challenge or exclude expert witnesses. Any such motion must specifically state the basis for the motion and specifically identify the objectionable testimony.

11. On or before **September 18, 2026**, the parties must file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

12. The District Court will set dates for trial and the final pretrial conference after receiving and reviewing filed dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, it will likewise set appropriate deadlines for trial and pretrial conference matters.

It is so **ORDERED**.

**SIGNED** on November 5, 2025.

                                                                    _____
                                                                    Henry J. Bemporad
                                                                    United States Magistrate Judge

3