IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA <br>      Plaintiff, | § | |
| v. | § | Case No. 5:25-CV-00865-JKP-HJB |
| | § | |
| TRISMART SOLAR, LLC, and JOSE MANUEL TURRUBIATES, | § § | |
|      Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TRISMART SOLAR, LLC'S MOTION TO DESIGNATE RESPONSIBLE THIRD PARTIES**

COMES NOW, Plaintiff Mark Anthony Ortega ("Plaintiff"), filing this Response in Opposition to Defendant TriSmart Solar, LLC's ("TriSmart") Motion to Designate Responsible Third Parties (ECF No. 22), and in support thereof respectfully shows the Court the following:

**I. INTRODUCTION**

1. Plaintiff Mark Anthony Ortega ("Plaintiff") respectfully opposes Defendant TriSmart Solar, LLC's ("TriSmart") Motion to Designate Responsible Third Parties. The Motion should be denied as legally improper for three reasons.

2. First, Plaintiff's claims rely on vicarious liability. Under established agency law, a principal is wholly liable for the acts of its agents. It is improper to allocate percentage fault between a principal and its agent for the same conduct; if agency is proven, TriSmart is 100% responsible.

3. Second, "Smart Home Solar" is alleged to be a fictitious business name, not a legal entity capable of being sued or held "responsible" under the statute.

4. Third, Jose Manuel Turrubiates is already a named Defendant in this lawsuit (ECF No. 19). It is procedurally redundant to designate a current party to the suit as a "third party."

1

5.  Allowing these designations would confuse the issues, mislead the jury, and contradict the purpose of the TCPA, which is designed to hold sellers accountable for telemarketing performed on their behalf.

## II. ARGUMENT

**A. The Designation is Improper Because Plaintiff's Claims are Premised on Vicarious Liability**

6.  Defendant's request to designate third parties for the purpose of allocating proportionate responsibility is legally improper because Plaintiff's claims against TriSmart are based on the theory of vicarious liability.

7.  Under Texas law, the proportionate responsibility statute (Tex. Civ. Prac. & Rem. Code Chapter 33) does not apply to claims where a defendant's liability is purely derivative or vicarious. The concept of vicarious liability, or respondeat superior, holds a principal liable for the conduct of its agents. When a principal is vicariously liable, the principal and agent are treated as a single unit for the purpose of liability; there is no distinct "percentage of fault" to allocate between them. The agent's acts are the principal's acts.

8.  Plaintiff's First Amended Complaint explicitly alleges that the callers, identified as "Joe" (Defendant Turrubiates), "Ed," and those operating under the name "Smart Home Solar", were acting as agents for TriSmart. (See ECF No. 19 at ¶¶ 23, 26). Under the Telephone Consumer Protection Act (TCPA), a seller such as TriSmart may be held vicariously liable for calls made on its behalf by third-party telemarketers. *In re Joint Petition filed by Dish Network,* LLC, 28 FCC Rcd 6574 (2013).

9.  Therefore, the outcome of this litigation is binary. If the jury finds the callers were agents of TriSmart, then TriSmart is 100% liable for their violations of the TCPA. If the jury finds the callers were not agents of TriSmart, then TriSmart bears no vicarious liability for their actions.

10. There is no legal scenario in a vicarious liability claim where a jury could logically find TriSmart "10% responsible" and the agent "90% responsible." Permitting Defendant to designate these agents as Responsible Third Parties would only serve to confuse the jury and invite them to improperly apportion fault in a manner contrary to federal agency law. Because TriSmart's liability is predicated on the actions of these very individuals, they cannot be designated as separate "Responsible Third Parties" to dilute TriSmart's liability.

**B. "Smart Home Solar" is a Fictitious Name and Not a Legal Entity Capable of Designation**

11. Defendant's attempt to designate "Smart Home Solar" as a responsible third party is improper because it is alleged to be a fictitious business name, not a distinct legal entity capable of incurring liability.

12. The Texas Civil Practice & Remedies Code § 33.011(6) defines a "responsible third party" as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought" A "person" in this context refers to an individual or a legally recognized entity (e.g., a corporation, limited liability company, partnership, etc.) that can be sued and held accountable in a court of law.

13. As alleged in Plaintiff's First Amended Complaint (ECF No. 19 at ¶ 1), "Smart Home Solar" is a "fictitious business name" used by TriSmart's agents to conceal their identity and orchestrate an unlawful telemarketing campaign. Plaintiff's allegations characterize "Smart Home Solar" not as a separate legal corporation or LLC, but as an alias, a trade name, or a marketing front utilized by TriSmart and its agents.

14. A fictitious name or alias, without being associated with a specific, identifiable legal entity, cannot independently bear legal responsibility or be assessed a percentage of fault by a jury. Defendant has not provided any evidence or factual allegations that "Smart Home Solar" is a separate legal entity from TriSmart or its individual agents. Designating "Smart Home Solar" as a

responsible third party is an attempt to designate a non-entity, which is procedurally impermissible and would further confuse the jury regarding the true parties responsible for the alleged harm.

**C. Jose Manuel Turrubiates is Already a Named Defendant in this Action**

15. Defendant's motion seeks to designate Jose Manuel Turrubiates (identified as "Joe") as a Responsible Third Party. This request is redundant and procedurally unnecessary because Turrubiates is already a party to this lawsuit.

16. On November 21, 2025, Plaintiff filed his First Amended Complaint (ECF No. 19), which formally added Jose Manuel Turrubiates as a named Defendant. The purpose of designating a responsible third party under Chapter 33 is to allow a defendant to introduce the fault of a non-party into the jury's calculations. However, once an individual is joined as a Defendant, the jury is automatically tasked with determining their liability and percentage of responsibility alongside the other Defendants.

17. Designating a current Defendant as a "Responsible Third Party" creates a confusing duality where the same individual appears in two different capacities. The separate designation of Turrubiates as a "third party" is moot and should be denied to maintain clarity in the proceedings.

**D. Chapter 33 Inapplicable to Federal TCPA Claims**

18. While Plaintiff asserts claims under both federal and state law, Defendant's invocation of Texas Chapter 33 is improper regarding Plaintiff's federal TCPA claims (Counts I, II, and V). The TCPA is a federal statute governed by federal common law principles of agency, not Texas state tort reform statutes.

19. Under federal law, a principal is vicariously liable for the acts of its agents. There is no provision in the TCPA or federal common law that allows a defendant to dilute this liability by apportioning fault to its own agents. To the extent Defendant seeks to apply Texas Civil Practice & Remedies Code Chapter 33 to the federal TCPA counts, the motion should be denied. Allowing

4

a state statute to alter the liability scheme of a federal act would frustrate the remedial purpose of the TCPA, which is to hold the beneficiaries of telemarketing campaigns, the sellers, fully accountable for the actions taken on their behalf.

## CONCLUSION AND PRAYER

Defendant's Motion attempts to apply a state tort reform statute to a federal strict liability regime in a manner that contradicts the law of agency. By seeking to designate its own alleged agents and a fictitious business name as responsible third parties, TriSmart seeks to impermissibly dilute its own liability for violations of the TCPA. Because "Smart Home Solar" is not a legal entity, because Jose Manuel Turrubiates is already a party to this suit, and because the doctrine of vicarious liability renders the allocation of fault between principal and agent legally impossible, the designation is improper.

WHEREFORE, Plaintiff Mark Anthony Ortega respectfully requests that this Court:

A. **DENY** Defendant TriSmart Solar, LLC's Motion to Designate Responsible Third Parties in its entirety;

B. In the alternative, **STRIKE** "Smart Home Solar" from the designation as it is not a legal entity capable of being sued;

C. In the alternative, **STRIKE** Jose Manuel Turrubiates from the designation as he is already a named Defendant; and

D. Grant Plaintiff such other and further relief, at law or in equity, to which he may be justly entitled.

Dated: December 29, 2025                                       Respectfully submitted,

                                                               */s/ Mark Anthony Ortega*
                                                               Mark Anthony Ortega
                                                               Plaintiff, Pro Se
                                                               mortega@utexas.edu
                                                               PO Box 702099
                                                               San Antonio, TX 78270
                                                               210) 744-9663

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2025 a true and correct copy of the foregoing document was served via the Court's CM/ECF system:

Timothy R. Allen
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
tallen@trismartsolar.com
Attorney for Defendant TriSMART Solar, LLC

It was also served upon the defendant Turrubiates via First Class Mail to:

Jose Manuel Turrubiates
533 E Carson St
San Antonio, TX, 78208

                                                               */s/ Mark Anthony Ortega*
                                                               Mark Anthony Ortega