**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | **Case No. 5:25-CV-00865-JKP-HJB** |
| TRISMART SOLAR, LLC; JOSE MANUEL | § | |
| TURRUBIATES; and MARK BENCH | § | |
| Defendants. | § | |

## PLAINTIFF'S OPPOSED MOTION FOR PRELIMINARY INJUNCTION

COMES NOW, Plaintiff Mark Anthony Ortega ("Plaintiff"), proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65(a) for a Preliminary Injunction enjoining Defendant TriSmart Solar, LLC, and its agents, from initiating further telemarketing calls to Plaintiff's cellular phone during the pendency of this litigation.

## I. INTRODUCTION

Plaintiff brings this Motion for a Preliminary Injunction, not as an emergency, but as a necessary measure to halt Defendant's ongoing, documented violations of federal and Texas law for the remainder of this lawsuit.

Despite being actively sued for Telephone Consumer Protection Act ("TCPA") and Texas Telephone Solicitation Act violations, Defendant TriSmart Solar, LLC ("TriSmart") continues to subject Plaintiff to unlawful telemarketing. Most recently, on March 16, 2026, TriSmart's agent explicitly confessed on a recorded line that the company does not maintain an internal do-not-call list, a blatant violation of 47 C.F.R. § 64.1200(d). Because TriSmart's counsel has admitted on the record that the company is in severe financial distress and has furloughed its employees (ECF No. 33), Plaintiff faces an irreparable harm, ongoing harassment for which monetary damages will ultimately be uncollectible.

## II. FACTUAL BACKGROUND

1.    Plaintiff's cellular telephone number, (210) 744-9663, has been registered on the National Do-Not-Call Registry since 2012.

2.    On January 26, 2026, TriSmart's counsel, Timothy Allen, filed a Response to a Show Cause Order (ECF No. 33) admitting that TriSmart had furloughed all employees and disabled internal email accounts.

3.    Despite this alleged shutdown, TriSmart's telemarketing agents continue to operate. On March 16, 2026, at 2:22 PM, Plaintiff received an unsolicited telemarketing call from 928-466-2492. (See Declaration of Mark Anthony Ortega, attached in the Appendix).

4.    A carrier lookup of the number 928-466-2492 reveals it is a "Peerless Network" Non-Fixed VoIP line, a technology commonly used by telemarketers to spoof local numbers. (See Appx. Ex. B).

5.    During the March 16 call, an agent identifying himself as "Joash" stated he was calling from TriSmart Solar. When Plaintiff inquired about TriSmart's do-not-call policies, Joash explicitly admitted that TriSmart does not have an internal do-not-call list. (See Appx. Ex. A, Transcript of March 16 Audio Recording).

6.    On March 16, 2026, Plaintiff emailed Timothy Allen a meet-and-confer letter regarding the call and the intent to file this injunction. The email to tallen@trismartsolar.com bounced back, and Mr. Allen has ignored the copy sent to his Gmail address. (See Appx. Ex. C, Ex. D).

## III. ARGUMENT AND LEGAL STANDARD

To obtain a preliminary injunction, the movant must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury

outweighs the harm to the non-movant; and (4) that the injunction will not disserve the public interest. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). Plaintiff need only present a prima facie case on one of his causes of action. *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). Plaintiff satisfies all four elements.

**A. Substantial Likelihood of Success on the Merits**

Plaintiff has a near-absolute likelihood of success on Count II of his Second Amended Complaint, Failure to Honor Do-Not-Call Requests (47 C.F.R. § 64.1200(d)). The TCPA's implementing regulations mandate that no person or entity may initiate a telemarketing call unless they have "instituted procedures for maintaining a list of persons who request not to receive such calls," including a written policy. 47 C.F.R. § 64.1200(d)(1).

Here, Plaintiff has submitted direct evidentiary proof, a recorded admission from TriSmart's own agent, that TriSmart does not maintain an internal do-not-call list. (Appx. Ex. A). Because TriSmart's agent confessed to the precise regulatory violation alleged in Count II, Plaintiff has presented a highly credible prima facie case and is substantially likely to prevail on the merits.

**B. Substantial Threat of Irreparable Injury**

Plaintiff faces a substantial threat of irreparable injury for two distinct reasons. First, the ongoing invasion of privacy, nuisance, and depletion of Plaintiff's phone battery cannot be undone. Courts routinely recognize that the harassment caused by continuous, unlawful telemarketing constitutes an irreparable injury because the disruption to a plaintiff's daily life cannot be retroactively cured once the phone rings.

Second, Defendant TriSmart is effectively insolvent. TriSmart's own counsel admitted to this Court that the company furloughed all employees and suspended operations (ECF No. 33).

3

When a defendant is financially distressed or insolvent, future monetary damages become illusory. Because Plaintiff will likely never be able to collect a statutory damages judgment from a defunct corporate entity, his only meaningful remedy to stop the ongoing harm is prospective injunctive relief.

## C. The Threatened Injury Outweighs Any Harm to Defendant

The balance of equities tips entirely in Plaintiff's favor. Plaintiff is suffering nuisance, harassment, and invasions of privacy. Conversely, TriSmart will suffer absolutely no cognizable legal or financial harm from an injunction. TriSmart has no legitimate, legal right to violate federal telemarketing laws. An injunction simply requires Defendant to comply with the TCPA, a duty it already owes to the public.

## D. The Injunction Will Not Disserve the Public Interest

Congress enacted the TCPA specifically to protect the public from the "scourge of modern civilization" that is unsolicited telemarketing. Enjoining a rogue telemarketing operation that has openly admitted to having no do-not-call list directly serves the public interest and furthers the exact legislative intent of the TCPA.

## IV. WAIVER OF SECURITY BOND

Federal Rule of Civil Procedure 65(c) requires a movant to give security only "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Because TriSmart will incur zero financial costs or damages by simply ceasing its illegal calls to Plaintiff's specific phone number, Plaintiff requests that the Court exercise its discretion to waive the bond requirement or set it at $0.

## CERTIFICATE OF CONFERENCE

4

Pursuant to W.D. Tex. Local Rule CV-7(g), Plaintiff certifies that a good-faith attempt was made to resolve this matter without Court intervention. On March 16, 2026, Plaintiff emailed TriSmart's in-house counsel, Timothy Allen, detailing the ongoing violations and requesting that Defendants stipulate to an injunction. The email sent to Mr. Allen's official company address (tallen@trismartsolar.com) was returned as undeliverable ("Address not found").

Plaintiff also sent the conferral to timothyallenlaw@gmail.com, the address Mr. Allen explicitly instructed the Court and Plaintiff to use in his January 26, 2026 filing (ECF No. 33). As of March 25, 2026, Mr. Allen has failed to respond. Therefore, this motion is opposed.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter a Preliminary Injunction enjoining Defendants from placing any further telephone solicitations to Plaintiff's cellular telephone number, (210) 744-9663, for the duration of this lawsuit.

Dated: March 25, 2026                                Respectfully submitted,

/s/ Mark Anthony Ortega
Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
 (210) 744-9663

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2026 a true and correct copy of the foregoing document was served via the Court's CM/ECF system:

Timothy R. Allen
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
tallen@trismartsolar.com
timothyallenlaw@gmail.com
**Attorney for Defendant TriSMART Solar, LLC**

It was also served upon the defendant Turrubiates via First Class Mail to:

Jose Manuel Turrubiates
533 E Carson St
San Antonio, TX, 78208
**Defendant**

*/s/ Mark Anthony Ortega*
Mark Anthony Ortega