**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK ANTHONY ORTEGA** | § | |
| *Plaintiff,* | § | |
| vs. | § | |
| | § | |
| **TRISMART SOLAR, LLC, JOSE** | § | **Case No. 5:25-CV-00865-JKP-HJB** |
| **MANUEL TURRUBIATES, and** | § | |
| **MARK BENCH,** | § | |
| *Defendants.* | § | |

**PLAINTIFF'S MOTION FOR SUBSTITUTE SERVICE OF SUMMONS ON**
**DEFENDANT MARK BENCH**

Plaintiff Mark Anthony Ortega ("Plaintiff"), appearing Pro Se, respectfully moves this Court for an Order authorizing substitute service of process upon Defendant Mark Bench ("Defendant Bench"). In support of this Motion, Plaintiff relies on the unexecuted Proof of Service sworn by process server Olanrewaju Ogunde (attached hereto as Exhibit A) and comprehensive public record and skip-trace search results (attached hereto as Exhibit B), and shows the Court the following:

**I. BACKGROUND AND ATTEMPTS AT SERVICE**

1.     On March 5, 2026, a Summons was issued for Defendant Bench to be served at his usual place of abode, located at 27510 Whispering Maple Way, Spring, TX 77386. This address was thoroughly verified as Defendant Bench's current residence and homestead through multiple database searches, including TLO, Accurint, and CBC Innovis, the results of which are attached hereto as Exhibit B. The records confirm his Texas Driver's License is registered to this address, and he and his wife claim the property as their homestead.

1

2.      Plaintiff retained an independent process server, Olanrewaju Ogunde, to effectuate personal service upon Defendant Bench at the aforementioned address.

3.      As detailed in the unexecuted Proof of Service (Exhibit A), the process server made five (5) separate, unsuccessful attempts to personally serve Defendant Bench at his residence:

      a.  March 14, 2026 at 6:31 PM: No answer at the door.

      b.  March 26, 2026 at 8:51 PM: The process server spoke with an individual who identified themselves as a resident of the home. The individual confirmed that Defendant Bench resides at the address but stated he was "not available at this time."

      c.  March 28, 2026 at 5:37 PM: No answer at the door. The process server identified a White 2021 Tesla Model S (License Plate: RGD3154) registered to Defendant Bench parked at the residence.

      d.  March 31, 2026 at 4:37 PM: The process server spoke with an individual who identified herself as Defendant Bench's spouse. She confirmed that Defendant Bench resides at the address but stated he was "not available at this time." The process server also identified a Black 2023 Cadillac Escalade (License Plate: SXR6786) registered to Defendant Bench at the property.

      e.  April 1, 2026 at 9:18 AM: No answer at the door.

4.      Furthermore, the process server identified two vehicles parked at the residence, a 2021 Tesla Model S and a 2023 Cadillac Escalade, both registered to Defendant Bench and matching the exact vehicle registration records detailed in Exhibit B.

5.      Despite diligent efforts, personal service has been unsuccessful. The facts clearly indicate that Defendant Bench resides at the property, his vehicles are present at the property, his family is present at the property, but he is evading personal service of process.

## II. ARGUMENT AND AUTHORITIES

6.      Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Because this Court is located in Texas, and service is being attempted in Texas, the Texas Rules of Civil Procedure govern the propriety of substitute service.

7.      Under Texas law, when traditional methods of service, such as in-person delivery or mailing by the clerk, are unsuccessful, a court may authorize substitute service. Tex. R. Civ. P. 106(b). To obtain an order for substitute service, the plaintiff must file a motion supported by a sworn statement that (1) lists the location of the defendant's usual place of business or usual place of abode, and (2) details the specific facts showing that traditional service has been attempted but failed. Once this showing is made, the court may authorize service " in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2);

8.      Here, Plaintiff has strictly complied with the requirements of Rule 106(b). The attached sworn Proof of Service from an independent process server details five separate attempts to serve Defendant Bench at different times of the day and week. More importantly, the sworn return provides crucial "other evidence" that substitute service via mail will be reasonably effective. The

process server physically verified with Defendant Bench's spouse that the address is his current, usual place of abode, and verified the presence of his registered vehicles at the property.

9.    Because Defendant Bench's residence has been conclusively established, sending the service documents via Certified Mail, Return Receipt Requested, alongside a copy sent via First-Class Mail to that exact address, is a method highly calculated to provide Defendant actual notice of this litigation in compliance with Due Process.

### III. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant this Motion and enter an Order for substitute service directing the following:

a.  Authorizing Plaintiff to serve Defendant Mark Bench by mailing a true and correct copy of the Summons, Plaintiff's Second Amended Complaint, the Civil Cover Sheet, and the Court's Order granting this Motion to Defendant Mark Bench at his usual place of abode, 27510 Whispering Maple Way, Spring, TX 77386;

b.  Directing that such mailing shall be done via Certified Mail, Return Receipt Requested, AND simultaneously via standard First-Class Mail;

c.  Deeming that service of process shall be considered complete upon the mailing of the documents as ordered; and

d.  Granting Plaintiff any and all other relief, at law or in equity, to which he may be justly entitled.

Dated: April 1, 2026                                      Respectfully submitted,

                                                         */s/ Mark Anthony Ortega*
                                                         Mark Anthony Ortega, Plaintiff
                                                         mortega@utexas.edu
                                                         PO Box 702099
                                                         San Antonio, TX 78270
                                                         Telephone: (210) 744-9663

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2026 a true and correct copy of the foregoing Plaintiff's Motion for Substitute Service was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


*/s/ Mark Anthony Ortega*
Mark Anthony Ortega