**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Mark Anthony Ortega | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 5:25-CV-00865-JKP-HJB |
| | § | |
| TriSMART Solar, LLC, et al | § | |
| *Defendants* | § | |

**DEFENDANT TRISMART SOLAR, LLC'S ANSWER
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant TRISMART SOLAR, LLC, by its undersigned counsel, answers Plaintiff Mark Ortega's Second Amended Complaint (ECF No. 40) as follows:

1.    Defendant TRISMART denies the allegations in this paragraph.

2.    Defendant TRISMART denies the allegations in this paragraph.

**Background on the TCPA**

3.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

4.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

5.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

**Jurisdiction and Venue**

6.    Defendant TRISMART admits that the Plaintiff has asserted a TCPA claim, and that the Court has subject matter jurisdiction over that claim. Defendant TRISMART denies that it has violated the TCPA.

7.    Defendant TRISMART admits that the Plaintiff has asserted claims under TEX. BUS. & COM. CODE § 302 and § 305, and that the Court has supplemental jurisdiction over those claims. Defendant TRISMART denies that it has violated those statutes.

8.    Defendant TRISMART admits that the Plaintiff has asserted claims under TEX. BUS. & COM. CODE § 302 and § 305, and that the Court has supplemental jurisdiction over those claims. Defendant TRISMART denies that it has violated those statutes.

9.    Defendant TRISMART denies the allegations in this paragraph.

10.    Defendant TRISMART admits that Plaintiff has pled sufficient claims for venue to be proper in this judicial district. Defendant TRISMART denies that it has violated the statutes as Plaintiff alleges.

## Parties

11.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

12.    Defendant TRISMART admits the allegation in this paragraph.

13.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

14.    Defendant TRISMART admits the allegation in this paragraph.

15.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph

## Factual Background

16.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

17.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

18.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

19.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

20.    Defendant TRISMART admits that it has not had a prior business relationship with Plaintiff, and that Plaintiff has not been a customer of Defendant TRISMART. Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation in this paragraph.

21.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

22.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

23.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

24.    Defendant TRISMART denies that "Smart Home Solar" is a lead generator or agent of Defendant TRISMART. Defendant TRISMART denies that "Joe" was an employee of Defendant TRISMART. Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation in this paragraph.

25. Defendant TRISMART denies that "Joe" was an employee of Defendant TRISMART. Defendant TRISMART denies that Plaintiff made a request to TRISMART or an agent of TRISMART to be placed on TRISMART'S internal do not call list. Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation in this paragraph.

26. Defendant TRISMART denies that Plaintiff made a request to TRISMART or an agent of TRISMART to be placed on TRISMART'S internal do not call list. Defendant TRISMART denies that it failed to maintain and honor its internal do-not-call list as required by law. Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation in this paragraph

27. Defendant TRISMART denies the allegations in this paragraph.

28. Defendant TRISMART denies the allegations in this paragraph.

29. Defendant TRISMART denies the allegations in this paragraph.

30. Defendant TRISMART denies the allegations in this paragraph.

31. Defendant TRISMART denies the allegations in this paragraph.

32. Defendant TRISMART denies the allegations in this paragraph.

33. Defendant TRISMART denies the allegations in this paragraph.

34. Defendant TRISMART denies the allegations in this paragraph.

35. Defendant TRISMART denies the allegations in this paragraph.

36. Defendant TRISMART denies the allegations in this paragraph.

37. Defendant TRISMART denies the allegations in this paragraph.

38. Defendant TRISMART denies the allegations in this paragraph.

39. Defendant TRISMART denies the allegations in this paragraph.

40. Defendant TRISMART denies the allegations in this paragraph.

## Count I

41. Defendant TRISMART incorporates by reference its responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

42. Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

43. Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

44. Defendant TRISMART denies the allegations in this paragraph.

45. Defendant TRISMART denies that it made the telemarketing calls claimed by Plaintiff. Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

46. Defendant TRISMART denies the allegations in this paragraph.

47. Defendant TRISMART denies the allegations in this paragraph.

## Count II

48. Defendant TRISMART incorporates by reference its responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

49. Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

50. Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

51.    Defendant TRISMART denies that Plaintiff made any requests to Defendant TRISMART. Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

52.    Defendant TRISMART denies the allegations in this paragraph.

53.    Defendant TRISMART denies the allegations in this paragraph.

54.    Defendant TRISMART denies the allegations in this paragraph.

55.    Defendant TRISMART denies the allegations in this paragraph.

## Count III

56.    Defendant TRISMART incorporates by reference its responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

57.    Defendant TRISMART denies the allegations in this paragraph.

58.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

59.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

60.    Defendant TRISMART denies the allegation in this paragraph.

61.    Defendant TRISMART denies the allegation in this paragraph.

62.    Defendant TRISMART denies the allegation in this paragraph.

## Count IV

63.    Defendant TRISMART incorporates by reference its responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

64.    Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

65.     Defendant TRISMART denies that it initiated any calls to Plaintiff, denies that it violated 47 USC § 227, denies that it received or failed to honor a direct do-not-call request, and denies that it utilized an ATDS to place calls to Plaintiff. Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

66.     Defendant TRISMART denies that its conduct violated 47 USC § 227. Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

67.     Defendant TRISMART denies the allegation in this paragraph.

68.     Defendant TRISMART denies the allegation in this paragraph.

**Count V**

69.     Defendant TRISMART incorporates by reference its responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

70.     Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

71.     Defendant TRISMART denies the allegation in this paragraph.

72.     Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

73.     Defendant TRISMART denies the allegation in this paragraph.

74.     Defendant TRISMART denies the allegation in this paragraph.

75.     Defendant TRISMART denies the allegation in this paragraph.

76.     Defendant TRISMART denies the allegation in this paragraph.

77.     Defendant TRISMART denies the allegation in this paragraph.

## Count VI

78.   Defendant TRISMART incorporates by reference its responses to the allegations in the preceding paragraphs fof the complaint as if fully set forth herein.

79.   Defendant TRISMART denies the allegation in this paragraph.

80.   Defendant TRISMART lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

81.   Defendant TRISMART denies the allegation in this paragraph.

82.   Defendant TRISMART denies the allegation in this paragraph.

83.   Defendant TRISMART denies the allegation in this paragraph.

## Demand for Relief

Defendant TRISMART denies that it is liable for Plaintiffs claims, and denies that Plaintiff is entitled to the relief requested.

A.   Defendant TRISMART denies the allegation in this paragraph. Defendant TRISMART denies that Plaintiff is entitled to recovery of damages.

B.   Defendant TRISMART denies the allegation in this paragraph. Defendant TRISMART denies that Plaintiff is entitled to recovery of damages.

C.   Defendant TRISMART denies the allegation in this paragraph. Defendant TRISMART denies that Plaintiff is entitled to recovery of damages.

D.   Defendant TRISMART denies the allegation in this paragraph. Defendant TRISMART denies that Plaintiff is entitled to recovery of damages.

E.   Defendant TRISMART denies the allegation in this paragraph. Defendant TRISMART denies that Plaintiff is entitled to the relief requested.

F. Defendant TRISMART denies the allegation in this paragraph. Defendant TRISMART denies that Plaintiff is entitled to the relief requested. Defendant TRISMART denies that Plaintiff is entitled to recovery of attorney fees as he is a *pro-se* litigant and cannot incur attorneys' fees.

G. Defendant TRISMART denies the allegation in this paragraph. Defendant TRISMART denies that Plaintiff is entitled to the relief requested.

H. Defendant TRISMART denies the allegation in this paragraph. Defendant TRISMART denies that Plaintiff is entitled to the relief requested.

I. Defendant TRISMART denies the allegation in this paragraph. Defendant TRISMART denies that Plaintiff is entitled to the relief requested.

J. Defendant TRISMART denies the allegation in this paragraph. Defendant TRISMART denies that Plaintiff is entitled to the relief requested.

K. Defendant TRISMART denies the allegation in this paragraph. Defendant TRISMART denies that Plaintiff is entitled to the relief requested.

### Demand for Jury Trial

Defendant TRISMART admits that Plaintiff has requested a jury trial.

### Affirmative and Other Defenses

1. Plaintiff's claims against Defendant TRISMART in "Count I" and "Count II" for violations of 47 USC § 227 are barred, in whole or in part, because the Plaintiff uses his phone with phone number 210-744-9663 for business purposes. 47 USC § 227 only applies to residential telephone subscribers.

2. Plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff's "Count II" fails to state a claim because the statute requires more than one

contact after requesting to be placed on a do-not-call list, and Plaintiff has alleged only one contact after Plaintiff claims he requested to be placed on the do-not-call list.

3.      Plaintiff's claim against Defendant TRISMART in "Count II" for violation of 47 CFR §64.1200(d) is barred, in whole or in part, because the Plaintiff never contacted Defendant TRISMART to request that Plaintiff's number be placed on Defendant TRISMART's internal do-not-call list.

4.      Plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff's "Count III" fails to state a claim because TEX. BUS. & COM. CODE 302.302(a) does not contain a private cause of action and Plaintiff's First Amended Complaint did not identify any other statutory authority for a private cause of action.[1]

5.      Plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff's "Count III" fails to state a claim because Chapter 302 identifies no damages that Plaintiff can recover. Plaintiff is not entitled to recover a "civil penalty" under TEX. BUS. & COM. CODE § 302.302(a) because a "civil penalty" can only be recovered by the State of Texas.[2]

6.      Plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff's "Count III" fails to state a claim because, even assuming a "civil penalty" could be recovered by a private litigant, a "civil penalty" would be a type of exemplary damage

---

[1] "[I]mplying a private cause of action in a statute that did not provide for one" exceeds the jurisdictional bounds of the courts. *See Brown v De La Cruz*, 156 S.W.3d 560, 569 (Tex. 2004).

[2] "Generally, a statutory penalty or fine is not payable to a private litigant." *Brown v. De La Cruz,* 156 S.W.3d 560, 564 (Tex. 2004). Without some indication in the statute that this penalty belongs to a private party, "we do not believe he has brought himself so clearly within the statute's terms as to justify implying a private cause of action." *Id.*

that cannot be recovered without an award of actual damages. Chapter 302 does not authorize the recovery by a private litigant for actual damages.[3]

7.      Plaintiff's claim against Defendant TRISMART in "Count III" is barred by the Texas Constitution's limit on excessive fines.[4]

8.      Plaintiff's claim against Defendant TRISMART in "Count III" is barred, in whole or in part, because Defendant TRISMART did not employ or authorize Jose Manuel Turrubiates, "Joe" (later identified by Plaintiff as Jose Manuel Turrubiates), "Ed," or "Smart Home Solar" to make the alleged telephone solicitations described by Plaintiff. Because of this, the calls described by Plaintiff are not "telephone solicitations" made by Defendant as defined by TEX. BUS. & COM. CODE § 302.001(7).

9.      Plaintiff's claim against Defendant TRISMART in "Count III" is barred, in whole or in part, because Defendant is exempt from the registration requirements of TEX. BUS. & COM. CODE § 302.101 under the exemption in TEX. BUS. & COM. CODE § 302.059 for "persons who make certain sales presentations or make sales at established retail locations."

10.     Plaintiff's claim against Defendant TriSMART in "Count IV" is barred, in whole or in part, because the basis of that claim is a violation as described in "Count I", "Count II" and/or

---

[3] The 5th Circuit submitted certified questions to the Texas Supreme Court premised on "civil penalties" being recoverable by a private party. "While the certified questions **assume, perhaps incorrectly**, that the Act authorizes recovery of civil penalties by a private person…" the Texas Supreme Court determined that if they were recoverable, they would be exemplary damages. *Wal-Mart Stores, Inc. v. Forte*, 497 S.W.3d 460, 462 (Tex. 2016). Exemplary damages may not be awarded without a showing of actual damages. TEX. CIV. PRAC. & REM. CODE § 41.004(a).

[4] TEX. CONST. art. I, § 13 ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted."); *see Pennington v. Singleton*, 606 S.W.2d 682, 690 (Tex.1980) (holding constitutional limit on excessive fines extends to civil penalties).

"Count V," and Plaintiff's claims of violations of 47 USC § 227 in "Count I", "Count II" and/or "Count V" are barred in whole or in part.

11.     Plaintiff's claims against Defendant TRISMART in "Count I," "Count II," "Count III," "Count IV," and "Count V" are barred, in whole or in part, because Defendant TRISMART did not make or authorize any call to Plaintiff.

12.     Plaintiff's claims against Defendant TRISMART are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of third parties, specifically Jose Manuel Turrubiates, "Joe" (later identified by Plaintiff as Jose Manuel Turrubiates), "Ed," and "Smart Home Solar."

13.     Jose Manuel Turrubiates, "Joe" (later identified by Plaintiff as Jose Manuel Turrubiates), "Ed," and "Smart Home Solar" are alleged to have caused or contributed to causing the harm Plaintiff is seeking recovery for. Jose Manuel Turrubiates is named as a Defendant. "Ed" and "Smart Home Solar" are responsible third parties as that term is defined in Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 33.011(6). If "Joe" is not Jose Manuel Turrubiates, then "Joe" is also a responsible third party as that term is defined in Texas law. *See Id.* The comparative fault of Jose Manuel Turrubiates, "Joe" (later identified by Plaintiff as Jose Manuel Turrubiates), "Ed," and "Smart Home Solar" should be presented to the jury.

14.     Defendant TRISMART did not willfully or knowingly contact the Plaintiff. To the extent there was any violation of the TCPA or equivalent Texas statute, which Defendant TRISMART denies, Defendant TRISMART is not liable for treble damages.

15.     Because Plaintiff's claims against Defendant TRISMART in "Count I," "Count II," "Count III," "Count IV," and "Count V" are barred, in whole or in part, Plaintiff's "Count VI," which has no independent claim for relief, fails as a matter of law.

**Jury Demand**

Defendant TRISMART SOLAR, LLC demands a trial by jury.

**Conclusion and Request for Relief**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff recover nothing, that the Court enter judgment in Defendant's favor, that the Court award Defendant its costs and attorneys' fees pursuant to 28 USC § 1920 and 28 USC § 1927, and that the Court grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**TRISMART SOLAR, LLC**

/s/ *Timothy R. Allen*
**TIMOTHY R. ALLEN**
Texas Bar No. 24092028
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
832-553-6304
tallen@trismartsolar.com
timothyallenlaw@gmail.com

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record and pro-se parties pursuant to Federal Rules of Civil Procedure 5 on April 17, 2026.

/s/ *Timothy R. Allen*
**TIMOTHY R. ALLEN**