**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Mark Anthony Ortega | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:25-CV-00865-JKP-HJB |
| | § | |
| TriSMART Solar, LLC, et al | § | |
| Defendants | § | |

**DEFENDANT MARK BENCH'S ANSWER
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant MARK BENCH, by his undersigned counsel, answers Plaintiff Mark Ortega's Second Amended Complaint (ECF No. 40) as follows:

1. Defendant BENCH denies the allegations in this paragraph.

2. Defendant BENCH denies the allegations in this paragraph.

**Background on the TCPA**

3. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

4. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

5. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

**Jurisdiction and Venue**

6.    Defendant BENCH admits that the Plaintiff has asserted a TCPA claim, and that the Court has subject matter jurisdiction over that claim. Defendant BENCH denies that he has violated the TCPA.

7.    Defendant BENCH admits that the Plaintiff has asserted claims under TEX. BUS. & COM. CODE § 302 and § 305, and that the Court has supplemental jurisdiction over those claims. Defendant BENCH denies that he has violated those statutes.

8.    Defendant BENCH admits that the Plaintiff has asserted claims under TEX. BUS. & COM. CODE § 302 and § 305, and that the Court has supplemental jurisdiction over those claims. Defendant BENCH denies that he has violated those statutes.

9.    Defendant BENCH denies the allegations in this paragraph.

10.    Defendant BENCH admits that Plaintiff has pled sufficient claims for venue to be proper in this judicial district. Defendant BENCH denies that he has violated the statutes as Plaintiff alleges.

**Parties**

11.    Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

12.    Defendant BENCH admits the allegation in this paragraph.

13.    Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

14.    Defendant BENCH admits the allegation in this paragraph.

15.    Defendant BENCH admits the allegation in this paragraph.

**Factual Background**

16. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

17. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

18. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

19. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

20. Defendant BENCH admits that he has not had a prior business relationship with Plaintiff. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation in this paragraph.

21. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

22. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

23. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

24. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

25. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

26. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph

27.    Defendant BENCH denies the allegations in this paragraph.

28.    Defendant BENCH denies the allegations in this paragraph.

29.    Defendant BENCH denies the allegations in this paragraph.

30.    Defendant BENCH denies the allegations in this paragraph.

31.    Defendant BENCH denies the allegations in this paragraph.

32.    Defendant BENCH denies the allegations in this paragraph.

33.    Defendant BENCH denies the allegations in this paragraph.

34.    Defendant BENCH denies the allegations in this paragraph.

35.    Defendant BENCH denies the allegations in this paragraph.

36.    Defendant BENCH denies the allegations in this paragraph.

37.    Defendant BENCH denies the allegations in this paragraph.

38.    Defendant BENCH denies the allegations in this paragraph.

39.    Defendant BENCH denies the allegations in this paragraph.

40.    Defendant BENCH denies the allegations in this paragraph.

## Count I

41.    Defendant BENCH incorporates by reference his responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

42.    Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

43.    Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

44.    Defendant BENCH denies the allegations in this paragraph.

45.    Defendant BENCH denies that he made the telemarketing calls claimed by Plaintiff. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

46.    Defendant BENCH denies the allegations in this paragraph.

47.    Defendant BENCH denies the allegations in this paragraph.

**Count II**

48.    Defendant BENCH incorporates by reference his responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

49.    Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

50.    Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

51.    Defendant BENCH denies that Plaintiff made any requests to Defendant BENCH. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

52.    Defendant BENCH denies the allegations in this paragraph.

53.    Defendant BENCH denies the allegations in this paragraph.

54.    Defendant BENCH denies the allegations in this paragraph.

55.    Defendant BENCH denies the allegations in this paragraph.

**Count III**

56.    Defendant BENCH incorporates by reference his responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

57.    Defendant BENCH denies the allegations in this paragraph.

58.    Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

59.    Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

60.    Defendant BENCH denies the allegation in this paragraph.

61.    Defendant BENCH denies the allegation in this paragraph.

62.    Defendant BENCH denies the allegation in this paragraph.

### Count IV

63.    Defendant BENCH incorporates by reference his responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

64.    Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

65.    Defendant BENCH denies that he initiated any calls to Plaintiff, denies that he violated 47 USC § 227, denies that he received or failed to honor a direct do-not-call request, and denies that he utilized an ATDS to place calls to Plaintiff. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

66.    Defendant BENCH denies that his conduct violated 47 USC § 227. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

67.    Defendant BENCH denies the allegation in this paragraph.

68.    Defendant BENCH denies the allegation in this paragraph.

### Count V

69. Defendant BENCH incorporates by reference his responses to the allegations in paragraphs 1-26 of the complaint as if fully set forth herein.

70. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

71. Defendant BENCH denies the allegation in this paragraph.

72. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

73. Defendant BENCH denies the allegation in this paragraph.

74. Defendant BENCH denies the allegation in this paragraph.

75. Defendant BENCH denies the allegation in this paragraph.

76. Defendant BENCH denies the allegation in this paragraph.

77. Defendant BENCH denies the allegation in this paragraph.

### Count VI

78. Defendant BENCH incorporates by reference his responses to the allegations in the preceding paragraphs of the complaint as if fully set forth herein.

79. Defendant BENCH denies the allegation in this paragraph.

80. Defendant BENCH lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph.

81. Defendant BENCH denies the allegation in this paragraph.

82. Defendant BENCH denies the allegation in this paragraph.

83. Defendant BENCH denies the allegation in this paragraph.

### Demand for Relief

Defendant BENCH denies that he is liable for Plaintiffs claims, and denies that Plaintiff is entitled to the relief requested.

A.    Defendant BENCH denies the allegation in this paragraph. Defendant BENCH denies that Plaintiff is entitled to recovery of damages.

B.    Defendant BENCH denies the allegation in this paragraph. Defendant BENCH denies that Plaintiff is entitled to recovery of damages.

C.    Defendant BENCH denies the allegation in this paragraph. Defendant BENCH denies that Plaintiff is entitled to recovery of damages.

D.    Defendant BENCH denies the allegation in this paragraph. Defendant BENCH denies that Plaintiff is entitled to recovery of damages.

E.    Defendant BENCH denies the allegation in this paragraph. Defendant BENCH denies that Plaintiff is entitled to the relief requested.

F.    Defendant BENCH denies the allegation in this paragraph. Defendant BENCH denies that Plaintiff is entitled to the relief requested. Defendant BENCH denies that Plaintiff is entitled to recovery of attorney fees as he is a *pro-se* litigant and cannot incur attorneys' fees.

G.    Defendant BENCH denies the allegation in this paragraph. Defendant BENCH denies that Plaintiff is entitled to the relief requested.

H.    Defendant BENCH denies the allegation in this paragraph. Defendant BENCH denies that Plaintiff is entitled to the relief requested.

I.    Defendant BENCH denies the allegation in this paragraph. Defendant BENCH denies that Plaintiff is entitled to the relief requested.

J.    Defendant BENCH denies the allegation in this paragraph. Defendant BENCH denies that Plaintiff is entitled to the relief requested.

K.      Defendant BENCH denies the allegation in this paragraph. Defendant BENCH denies that Plaintiff is entitled to the relief requested.

### Demand for Jury Trial

Defendant BENCH admits that Plaintiff has requested a jury trial.

### Affirmative and Other Defenses

1.      Plaintiff's claims against Defendant BENCH in "Count I" and "Count II" for violations of 47 USC § 227 are barred, in whole or in part, because the Plaintiff uses his phone with phone number 210-744-9663 for business purposes. 47 USC § 227 only applies to residential telephone subscribers.

2.      Plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff's "Count II" fails to state a claim because the statute requires more than one contact after requesting to be placed on a do-not-call list, and Plaintiff has alleged only one contact after Plaintiff claims he requested to be placed on the do-not-call list.

3.      Plaintiff's claim against Defendant BENCH in "Count II" for violation of 47 CFR §64.1200(d) is barred, in whole or in part, because the Plaintiff never contacted Defendant BENCH to request that Plaintiff's number be placed on Defendant TRISMART's internal do-not-call list.

4.      Plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff's "Count III" fails to state a claim because TEX. BUS. & COM. CODE 302.302(a) does not contain a private cause of action and Plaintiff's First Amended Complaint did not identify any other statutory authority for a private cause of action.[1]

---

[1] "[I]mplying a private cause of action in a statute that did not provide for one" exceeds the jurisdictional bounds of the courts. *See Brown v De La Cruz*, 156 S.W.3d 560, 569 (Tex. 2004).

5.      Plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff's "Count III" fails to state a claim because Chapter 302 identifies no damages that Plaintiff can recover. Plaintiff is not entitled to recover a "civil penalty" under TEX. BUS. & COM. CODE § 302.302(a) because a "civil penalty" can only be recovered by the State of Texas.[2]

6.      Plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff's "Count III" fails to state a claim because, even assuming a "civil penalty" could be recovered by a private litigant, a "civil penalty" would be a type of exemplary damage that cannot be recovered without an award of actual damages. Chapter 302 does not authorize the recovery by a private litigant for actual damages.[3]

7.      Plaintiff's claim against Defendant BENCH in "Count III" is barred by the Texas Constitution's limit on excessive fines.[4]

8.      Plaintiff's claim against Defendant BENCH in "Count III" is barred, in whole or in part, because Defendant BENCH did not employ or authorize Jose Manuel Turrubiates, "Joe" (later identified by Plaintiff as Jose Manuel Turrubiates), "Ed," or "Smart Home Solar" to make the

---

[2] "Generally, a statutory penalty or fine is not payable to a private litigant." *Brown v. De La Cruz,* 156 S.W.3d 560, 564 (Tex. 2004). Without some indication in the statute that this penalty belongs to a private party, "we do not believe he has brought himself so clearly within the statute's terms as to justify implying a private cause of action." *Id.*

[3] The 5th Circuit submitted certified questions to the Texas Supreme Court premised on "civil penalties" being recoverable by a private party. "While the certified questions **assume, perhaps incorrectly**, that the Act authorizes recovery of civil penalties by a private person…" the Texas Supreme Court determined that if they were recoverable, they would be exemplary damages. *Wal-Mart Stores, Inc. v. Forte*, 497 S.W.3d 460, 462 (Tex. 2016). Exemplary damages may not be awarded without a showing of actual damages. TEX. CIV. PRAC. & REM. CODE § 41.004(a).

[4] TEX. CONST. art. I, § 13 ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted."); *see Pennington v. Singleton*, 606 S.W.2d 682, 690 (Tex.1980) (holding constitutional limit on excessive fines extends to civil penalties).

alleged telephone solicitations described by Plaintiff. Because of this, the calls described by Plaintiff are not "telephone solicitations" made by Defendant as defined by TEX. BUS. & COM. CODE § 302.001(7).

9.    Plaintiff's claim against Defendant BENCH in "Count III" is barred, in whole or in part, because Defendant is exempt from the registration requirements of TEX. BUS. & COM. CODE § 302.101 under the exemption in TEX. BUS. & COM. CODE § 302.059 for "persons who make certain sales presentations or make sales at established retail locations."

10.    Plaintiff's claim against Defendant Bench in "Count IV" is barred, in whole or in part, because the basis of that claim is a violation as described in "Count I", "Count II" and/or "Count V," and Plaintiff's claims of violations of 47 USC § 227 in "Count I", "Count II" and/or "Count V" are barred in whole or in part.

11.    Plaintiff's claims against Defendant BENCH in "Count I," "Count II," "Count III," "Count IV," and "Count V" are barred, in whole or in part, because Defendant BENCH did not make or authorize any call to Plaintiff.

12.    Plaintiff's claims against Defendant BENCH are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of third parties, specifically Jose Manuel Turrubiates, "Joe" (later identified by Plaintiff as Jose Manuel Turrubiates), "Ed," and "Smart Home Solar."

13.    Jose Manuel Turrubiates, "Joe" (later identified by Plaintiff as Jose Manuel Turrubiates), "Ed," and "Smart Home Solar" are alleged to have caused or contributed to causing the harm Plaintiff is seeking recovery for. Jose Manuel Turrubiates is named as a Defendant. "Ed" and "Smart Home Solar" are responsible third parties as that term is defined in Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 33.011(6). If "Joe" is not Jose Manuel Turrubiates, then "Joe" is

also a responsible third party as that term is defined in Texas law. *See Id*. The comparative fault of Jose Manuel Turrubiates, "Joe" (later identified by Plaintiff as Jose Manuel Turrubiates), "Ed," and "Smart Home Solar" should be presented to the jury.

14.     Defendant BENCH did not willfully or knowingly contact the Plaintiff. To the extent there was any violation of the TCPA or equivalent Texas statute, which Defendant BENCH denies, Defendant BENCH is not liable for treble damages.

15.     Because Plaintiff's claims against Defendant BENCH in "Count I," "Count II," "Count III," "Count IV," and "Count V" are barred, in whole or in part, Plaintiff's "Count VI," which has no independent claim for relief, fails as a matter of law.

### Jury Demand

Defendant BENCH demands a trial by jury.

### Conclusion and Request for Relief

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff recover nothing, that the Court enter judgment in Defendant's favor, that the Court award Defendant his costs and attorneys' fees pursuant to 28 USC § 1920 and 28 USC § 1927, and that the Court grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

TRISMART SOLAR, LLC

   /s/ *Timothy R. Allen*
TIMOTHY R. ALLEN
Texas Bar No. 24092028
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
832-553-6304
tallen@trismartsolar.com
timothyallenlaw@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record and pro-se parties pursuant to Federal Rules of Civil Procedure 5 on May 4, 2026.

  /s/ *Timothy R. Allen*
**TIMOTHY R. ALLEN**