UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA | § | |
| | § | |
| VS | § | Case No. 5:25-CV-865-JKP-HJB |
| | § | |
| TRISMART SOLAR, LLC; | § | |
| JOSE MANUEL TURRUBIATES; and | § | |
| MARK BENCH | § | |

## DEFENDANTS TRISMART SOLAR, LLC AND MARK BENCH'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

COME NOW, TriSMART Solar, LLC and Mark Bench, and make and file this response in opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 42).

**I.      TriSMART Solar maintains a do not call list, so Plaintiff's Count II does not have a substantial likelihood of success on the merits.**

1.      TriSMART Solar, as part of its initial disclosures to Plaintiff, produced call logs and customer management system (CMS) data regarding Plaintiff's phone number. The call logs demonstrate that TriSMART did not call Plaintiff. *See* Exhibit A (no inbound or outbound calls to Plaintiff's number at the times claimed in his Petition). The CMS data shows that Plaintiff's phone number was set to a "do not call" status. *See* Exhibit B. Put simply, TriSMART did not call Plaintiff and has already placed Plaintiff's phone number on a do not call list. Since there is evidence that (1) TriSMART has not called Plaintiff, (2) TriSMART maintains a do not call list, and (3) Plaintiff has been placed on TriSMART's do not call list, Plaintiff's Count II does not have a substantial likelihood of success.

**II.     The alleged caller, Joash, is not an agent of TriSMART Solar.**

2.     Plaintiff fails to address the concept of agency as it applies to his claims. To be an agent, the caller would have to act with actual or apparent authority. Actual authority would require the Plaintiff to present evidence that TriSMART Solar intentionally conferred authority on the caller. *See Texas Cityview Care Ctr., L.P. v Fryer*, 227 S.W.3d 345, 352 (Tex. App.—Fort Worth 2007, pet. dism'd). Plaintiff has produced no evidence that TriSMART conferred authority on the caller. Thus, there is no evidence of actual authority.

3.     Apparent authority would require the Plaintiff to present evidence that, among other elements, **TriSMART Solar's conduct** caused the Plaintiff to reasonably believe the caller had authority to act on TriSMART's behalf. *See Babtist Mem'l Hosp. Sys. V. Sampson*, 969 S.W.2d 945, 948-49 (Tex. 1998). Here, there is no evidence of any conduct by TriSMART Solar that would cause Plaintiff to believe the caller had authority to act on TriSMART's behalf. To the contrary, TriSMART had previously placed Plaintiff's number on TriSMART's internal do not call list and provided evidence of this to Plaintiff. All evidence of TriSMART's conduct shows that TriSMART is not calling Plaintiff, and took action to avoid calling Plaintiff.

**III.     Plaintiff's own evidence contradicts his claims.**

4.     Despite Plaintiff's claims that the call came from TriSMART, Plaintiff's "Twilio" search demonstrates that the number is not affiliated with TriSMART Solar. *See* ECF No. 42-1 at pg. 8 (Describing the caller name as "null" and containing no evidence that the number is affiliated with TriSMART).

5.     Plaintiff claims that this caller did not have a "do not call" list. However, during his alleged call with Joash, Plaintiff asked to be taken off the caller's list. Joash agreed to do so:

"**JOASH**: But if you— if you're not interested... **if you're not interested and you'd like me to take your name off the list, then I can do that**.

**MARK**: Yeah, I'm not interested."

*See* ECF No. 42-1 at pg. 5 (emphasis added). Plaintiff has not claimed that he has received a second call from Joash, so there is no evidence that Joash did not remove Plaintiff's number.

## IV.   An injunction against TriSMART does not provide a remedy against the acts of third parties like Joash.

6.    TriSMART has already put Plaintiff's number on its do not call list. *See* Exhibit B. TriSMART's phone records demonstrate that TriSMART had not called Plaintiff as he alleged in his petition. *See* Exhibit A. TriSMART has already provided Plaintiff the relief he seeks by preliminary injunction.

7.    TriSMART did not make or authorize the call from Joash described by Plaintiff. TriSMART cannot control what unaffiliated and unknown third parties claim on a call. If Joash fails to remove Plaintiff's number from Joash's call list, Plaintiff needs to seek an injunction against Joash.

## V.    Mark Bench has not called Plaintiff, so an injunction against Mr. Bench is unwarranted.

8.    Plaintiff has not presented any evidence that Mark Bench has individual liability for Plaintiff's claim in his Count II. Plaintiff has not alleged that Mr. Bench called the Plaintiff. Mr. Bench did not call the Plaintiff. Therefore, Plaintiff's claim against Mr. Bench would fail as a matter of law. Without a substantial likelihood of success against Mr. Bench, this Court must deny the injunction against Mr. Bench.

**Prayer**

For these reasons, Defendants TriSMART Solar, LLC and Mark Bench respectfully request

that the Court deny Plaintiff's Motion for Preliminary Injunction.


Respectfully submitted,

TRISMART SOLAR, LLC

  /s/ *Timothy R. Allen*

**TIMOTHY R. ALLEN**
Texas Bar No. 24092028
600 Northpark Central Dr., Suite 140
Houston, TX 77073
512-577-9048
tallen@trismartsolar.com
timothyallenlaw@gmail.com


**Certificate of Service**

I certify that on May 8, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court for the Western District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record and pro-se parties electronically.

  /s/ *Timothy R. Allen*

**TIMOTHY R. ALLEN**