**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | **Case No. 5:25-CV-00865-JKP-HJB** |
| TRISMART SOLAR, LLC; JOSE MANUEL | § | |
| TURRUBIATES; and MARK BENCH | § | |
| Defendants. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW Plaintiff, Mark Anthony Ortega, proceeding pro se, and files this Reply in Support of his Opposed Motion for Preliminary Injunction. In support thereof, Plaintiff respectfully shows the Court as follows:

### I. INTRODUCTION

Defendants TriSmart Solar, LLC ("TriSmart") and Mark Bench (collectively "Defendants") urge this Court to deny Plaintiff's request for a preliminary injunction by pointing to their own internal phone logs and an internal "do-not-call" ("DNC") system. Defendants' arguments fail because they deliberately ignore the core premise of Plaintiff's lawsuit which is that TriSmart utilizes third-party lead generators to conduct illegal telemarketing on its behalf, thereby shielding its own internal phone systems from the illegal outbound dials.

Defendants' reliance on carefully curated internal data does not negate their vicarious liability under the Telephone Consumer Protection Act (TCPA). Because Defendants continue to benefit from an ongoing, illegal telemarketing campaign that targets Plaintiff, even after this lawsuit was filed, a preliminary injunction is both necessary and appropriate to preserve the status quo and halt the ongoing invasion of Plaintiff's privacy.

### II. ARGUMENT

1

**A. TriSMART's Internal Call Logs (ECF No. 53-1, Exhibit A) Do Not Defeat Vicarious Liability.**

Defendants argue that because their "Nextiva" phone system call logs (ECF No. 53-1, Exhibit A) do not show an outbound call to Plaintiff on March 16, 2026, they are not responsible for the call from "Joash." This argument misrepresents TCPA liability.

Under the TCPA, a seller cannot avoid liability by outsourcing its telemarketing to third-party lead generators. The Federal Communications Commission (FCC) has unequivocally ruled that a seller may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers. *In re Joint Petition filed by DISH Network, LLC*, 28 FCC Rcd 6574, 6574 (2013). This includes liability based on actual authority, apparent authority, and ratification.

As detailed in Plaintiff's Second Amended Complaint, a clear pipeline was established in 2025, unsolicited telemarketers (such as "Smart Home Solar") make illegal cold calls, set appointments, and then transfer those leads to TriSmart agents like Defendant Turrubiates. The March 16, 2026, call from "Joash" fits this exact modus operandi. The fact that Joash used a separate dialing system, and therefore does not appear on TriSmart's internal Nextiva log, is exactly how the lead-generation model is designed to operate. TriSmart cannot willfully blind itself to the illegal actions of the lead generators from whom it accepts business.

**B. TriSmart's Internal Do-Not-Call List (ECF No. 53-2, Exhibit B) is Ineffective and Proves the Need for an Injunction.**

Defendants point to ECF No. 53-2, Exhibit B, a screenshot of their Customer Management System (CMS), claiming it shows Plaintiff is on a "do not call" status. This exhibit actually works against Defendants.

First, Exhibit B contains a date stamp of "Jul 16th, 2025." Plaintiff made explicit DNC requests directly to TriSmart's agent months prior in April 2025.

Second, and more importantly, an internal DNC tag on TriSmart's CMS is meaningless if TriSmart does not enforce that list upon its third-party lead generators. The March 16, 2026, call from Joash occurred despite TriSmart allegedly having Plaintiff on a DNC list. This proves that TriSmart's internal policies are either broken or intentionally compartmentalized to allow third parties to continue harassing consumers with impunity. A preliminary injunction is necessary to force TriSmart to scrub all outbound lead-generation campaigns, whether conducted internally or externally, against Plaintiff's number.

## C. The "Null" Twilio Record is Evidence of Spoofing, Not Non-Affiliation.

Defendants attempt to use Plaintiff's Twilio lookup (ECF No. 42-1, Exhibit B), which showed the caller's identity as "null", as proof that the caller is unaffiliated with TriSMART. This argument is disingenuous.

Telemarketers routinely use "spoofed" (falsified or unregistered) Caller ID numbers precisely to evade detection, bypass call-blocking apps, and avoid lawsuits. The fact that the caller ID returned a "null" result is textbook evidence of the deceptive telemarketing practices alleged in this case. It is precisely because the callers spoof their numbers that Plaintiff must rely on the established connection between the lead generators and TriSmart to enforce his rights.

## D. An Injunction Will Stop the Harm Under FRCP 65(d).

Defendants argue that an injunction against TriSmart would be ineffective because they "cannot control" third parties like Joash. This is legally incorrect.

Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds not only the parties, but also their "officers, agents, servants, employees, and attorneys," as well as "other persons who

are in active concert or participation". If the Court enjoins TriSmart from contacting Plaintiff, that order legally prohibits TriSmart from purchasing leads, accepting transfers, or conducting business with any lead generator who calls Plaintiff's number. By cutting off the financial incentive, TriSmart's willingness to accept the illegally generated lead, the calls will cease.

Furthermore, Joash's verbal statement that he "can do that" when asked to take Plaintiff off the list is meaningless. Plaintiff has made identical requests in the past, yet the calls from TriSmart's lead-generation pipeline have persisted for over a year. A Court Order is required to ensure compliance.

**E. Defendant Mark Bench is Properly Subject to the Injunction.**

Defendant Bench argues an injunction against him is unwarranted because he did not personally dial the phone. However, as properly pled in Plaintiff's Second Amended Complaint, Mark Bench is the CEO of TriSmart, and Plaintiff has alleged claims of alter ego and fraudulent transfer against him. Because TriSmart's corporate form is being used to shield assets and perpetuate these violations, enjoining Bench in his individual and corporate capacity is necessary to ensure the injunction is not circumvented by the shuttering of the LLC and the opening of a new corporate entity.

**III. CONCLUSION AND PRAYER**

Defendants' response relies on a fundamental misdirection they ask this Court to look only at their internal phone logs while ignoring the third-party telemarketing pipeline that feeds their business. Because Plaintiff has shown a substantial likelihood of success on the merits regarding vicarious liability, and because the harassing calls have continued even after the initiation of this lawsuit, a preliminary injunction is necessary. Plaintiff respectfully requests that the Court OVERRULE Defendants' objections and GRANT Plaintiff's Motion for Preliminary Injunction.

4

Dated: May 9, 2026                                    Respectfully submitted,


                                                      /s/ Mark Anthony Ortega
                                                      Mark Anthony Ortega
                                                      Plaintiff, Pro Se
                                                      mortega@utexas.edu
                                                      PO Box 702099
                                                      San Antonio, TX 78270
                                                       (210) 744-9663


## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2026 a true and correct copy of the foregoing document was served via the Court's CM/ECF system:

Timothy R. Allen
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
tallen@trismartsolar.com
timothyallenlaw@gmail.com
**Attorney for Defendant TriSMART Solar, LLC**

It was also served upon the defendant Turrubiates via First Class Mail to:

Jose Manuel Turrubiates
533 E Carson St
San Antonio, TX, 78208
**Defendant**


                                                      */s/ Mark Anthony Ortega*
                                                      Mark Anthony Ortega


5