**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MARK ANTHONY ORTEGA,**

 *Plaintiff*,

**v.**             **Case No. 5:25-CV-00865-JKP**

**TRISMART SOLAR, LLC, JOSE MA-**
**NUEL TURRUBIATES, AND MARK**
**BENCH,**

 *Defendants*.

**ORDER**

Before the Court is Plaintiff Mark Anthony Ortega's ("Ortega") Motion for Preliminary Injunction ("the Motion"). *ECF No. 42*. In the Motion, Ortega seeks "a Preliminary Injunction enjoining Defendants from placing any further telephone solicitations to Plaintiff's cellular telephone number . . . for the duration of this lawsuit." *Id*. at 5. Defendants filed a Response, (*ECF No. 53*), and Ortega filed a Reply, (*ECF No. 54*). Upon consideration, Ortega's Motion for Preliminary Injunction, (*ECF No. 42*), will be denied

Under well-settled Fifth Circuit precedent, a preliminary injunction requires the movant to show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). Granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Id*. at 1050.

## I.    Likelihood of Success on the Merits

To show a likelihood of success, Ortega must present a prima facie case but need not prove that he is entitled to summary judgment." *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). "To assess the likelihood of success on the merits, [courts] look to standards provided by the substantive law." *Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011) (internal quotation omitted). When the plaintiff has brought multiple causes of action, the plaintiff need only present a prima facie case on one of them.[1]

As the basis for the Motion, Ortega asserts he has "a near-absolute likelihood of success on Count II of his Second Amended Complaint, Failure to Honor Do-Not-Call Requests." *ECF No. 42* at 3. Citing 47 C.F.R. § 64.1200(d)(1)—for the first time—Ortega states "[t]he [Telephone Consumer Protection Act's] implementing regulations mandate that no person or entity may initiate a telemarking call unless they have "instituted procedures for maintaining a list of persons who request not to receive such calls," including a written policy. *ECF No. 42* at 3. Ortega proceeds to explain that "on March 16, 2026, [Defendant] TriSmart's agent explicitly confessed on a recorded line that the company does not maintain an internal do-not-call list." *Id*. at 1.

Upon review, however, the underlying cause of action Ortega relies on—Count II of the Second Amended Complaint—includes only claims relating to Ortega's "clear and unequivocal requests to Defendants to stop calling his telephone number," citing to 47 C.F.R. § 64.1200(d)(6), and not any alleged violation of the TCPA based on any claim that Defendants failed to maintain a do-not-call list, pursuant to 47 C.F.R. § 64.1200(d)(1).[2] *See ECF No. 40* at

---

[1] *Kalsi Engineering, Inc. v. Davidson*, No. 4:14-CV-01405, 2014 WL 12540550, at *2 & n.2 (S.D. Tex. Sept. 2, 2014); *Texas v. U.S.*, 95 F. Supp. 3d 965, 981 (N.D. Tex. 2015); *see also Butler v. Alabama Judicial Inquiry Commission*, 111 F. Supp. 2d 1224, 1230 (N.D. Ala. 2000).
[2] Count Two of Plaintiff's Second Amended Complaint, (*ECF No. 40* at 9), generally references 47 C.F.R. §

9–10.

As such, Ortega's evidence consisting of, among other things, a transcript of the March 16, 2026, call does not support a prima facie case for Count II of the Second Amended Complaint. Further, Defendants have presented competing evidence that indicates it does maintain a do-not-call list and that Ortega is on it. *ECF No. 53-2*. The Court notes for Ortega that if he seeks to amend his Second Amended Complaint and add new claims, he shall file a motion for leave to amend.

## II.   Substantial Threat of Irreparable Harm

Ortega must also carry the burden on this element, and to do so "must demonstrate the threat of irreparable harm by independent proof, or no injunction may issue." *Randolph v. Nationstar Mortg., LLC,* No. 2:11-CV-02165, 2012 WL 2450016, at *4 (E.D. La. June 27, 2012) (citing *White v. Carlucci,* 862 F.2d 1209, 1211 (5th Cir. 1989)). "Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 997 (5th Cir. 1985). Ultimately, therefore, to obtain injunctive relief the moving party must show that irreparable harm is likely.[3] Moreover, under Fifth Circuit precedent, "a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire,* 647 F.3d 585, 600 (5th Cir. 2011). Thus, Ortega must demonstrate monetary damages are an insufficient remedy and his alleged harms are not just possible, but likely.

Upon review, Ortega does not carry his burden. In the Motion, Ortega states:

---

64.1200(d), and specifically references 47 C.F.R. § 64.1200(d)(6)—not 47 C.F.R § 64.1200(d)(1). While it is possible Plaintiff's mention of 47 C.F.R. § 64.1200(d) could be liberally construed to include other causes of action, Plaintiff would need to provide sufficient factual allegations in support thereof. At present, in Plaintiff's Second Amended Complaint there are simply no factual allegations to support any alleged violation of the TCPA based on Defendants' failing to maintain a do-not-call list.

[3] *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("A court may only issue injunctive relief if irreparable harm is 'likely'; granting an injunction based on a mere possibility of remote injury is insufficient, even if a [movant] has shown a nearly certain likelihood of success.").

3

> Plaintiff faces a substantial threat of irreparable injury for two distinct reasons. First, the ongoing invasion of privacy, nuisance, and depletion of Plaintiff's phone battery cannot be undone. Courts routinely recognize that the harassment caused by continuous, unlawful telemarketing constitutes an irreparable injury because the disruption to a plaintiff's daily life cannot be retroactively cured once the phone rings.
>
> Second, Defendant TriSmart is effectively insolvent. TriSmart's own counsel admitted to this Court that the company furloughed all employees and suspended operations (ECF No. 33). When a defendant is financially distressed or insolvent, future monetary damages become illusory. Because Plaintiff will likely never be able to collect a statutory damages judgment from a defunct corporate entity, his only meaningful remedy to stop the ongoing harm is prospective injunctive relief.

*ECF No. 42* at 3–4. Ortega provides no authority or caselaw to support his assertion that courts routinely recognize irreparable harm in this context, and Ortega provides no evidence regarding Defendant TriSmart's alleged insolvency that rises above the speculative level. The Court observes that Defendant TriSmart's counsel previously described a "temporary furlough" in January 2026. *ECF No. 33* at 1. Since that time TriSmart's counsel has filed Answers on to Ortega's Second Amended Complaint on behalf of Defendants. *See ECF Nos. 46, 51*. Therefore, in this regard the Court finds Ortega fails to offer sufficient evidence of intangible harm that cannot be reduced to monetary damages. As stated above, speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985) (citing *Carter v. Heard,* 593 F.2d 10, 12 (5th Cir. 1979))

Accordingly, Ortega's Motion for Preliminary Injunction, (*ECF No. 42*), is **DENIED**.

It is so ORDERED.
SIGNED this 19th day of May, 2026.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

4