IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA,<br>    Plaintiff, | § § § | |
| v. | § § | Case No. 5:25-CV-00865-JKP-HJB |
| TRISMART SOLAR, LLC, JOSE MANUEL<br>TURRUBIATES, and MARK BENCH,<br>    Defendants. | § § § § § | |

**PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS AND COMPLETE
DISCOVERY RESPONSES**

Plaintiff Mark Anthony Ortega respectfully moves, under Federal Rules of Civil Procedure

30, 33, 34, 36, and 37 and Local Rule CV-7, for an order (i) compelling the depositions of

Defendant Mark Bench and the corporate representative of Defendant TriSMART Solar, LLC, and

setting dates certain; and (ii) compelling TriSMART to serve verified interrogatory answers and

complete, non-evasive responses and production. The grounds are set out below.

## I.  INTRODUCTION

This motion is occasioned by Defendants' silence. TriSMART's December 8, 2025

discovery responses are pervaded by verbatim, unsupported boilerplate objections; its

interrogatory answers are signed only by counsel and are unverified; and several answers are

contradicted by TriSMART's own admissions and document production. On June 1, 2026,

Plaintiff served a detailed deficiency letter under Rule 37(a)(1) identifying each defect and

requesting cure by June 15 and a conference. On June 1, and again on June 11, Plaintiff asked

Defendants for three deposition dates and, to facilitate the conferral Rule 30(b)(6) requires, served

fourteen draft examination topics in advance. Defendants did not respond. They served no

1

supplement, no verification, and no deposition dates, and they have not communicated with Plaintiff since. Court intervention is now necessary.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

This action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and Chapter 302 of the Texas Business and Commerce Code. Plaintiff alleges that TriSMART, directly and through its contractor Defendant Jose Manuel Turrubiates, placed unlawful solar-sales solicitation calls to Plaintiff's personal telephone, (210) 744-9663, including after a do-not-call request, and the operative pleading asserts related claims against Defendant Mark Bench. The source of the lead that generated the calls, TriSMART's do-not-call practices, and its relationship with its lead generators are central issues.

Plaintiff served his First Set of Interrogatories, First Requests for Production, and First Requests for Admission. TriSMART served responses on December 8, 2025.[1] Nearly every response recites the same objection, that the request is "overly broad, unduly burdensome, and not reasonably limited in scope," often with a verbatim recitation of the Rule 26(b)(1) proportionality factors, without any supporting facts. The interrogatory answers are signed only by counsel; no TriSMART representative verified them under oath.

On June 1, 2026, Plaintiff served a request-by-request deficiency letter and asked TriSMART to cure by June 15 and to provide times to confer.[2] That same day, and again on June 11, Plaintiff asked Defendants for three dates between July 13 and July 31, 2026 for the video depositions of Mr. Bench, individually, under Rule 30(b)(1), and of TriSMART's corporate representative under Rule 30(b)(6). To facilitate the good-faith conferral Rule 30(b)(6) requires,

---

[1] Exs. A-C (TriSMART's objections and responses to Plaintiff's First Set of Interrogatories, First Requests for Production, and First Requests for Admission, served Dec. 8, 2025).

[2] Ex. D (Plaintiff's June 1, 2026 discovery deficiency letter).

Plaintiff provided fourteen draft examination topics in advance, invited discussion of their scope, and asked for dates by June 18.[3]

Defendants did not respond. TriSMART cured no deficiency, served no supplemental responses and no verification, and offered no deposition dates. As of the filing of this motion, every request remains ignored, and counsel has not communicated with Plaintiff in any form.

### III.  ARGUMENT AND AUTHORITIES

Rule 26(b)(1) permits discovery of any nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. On a motion to compel under Rule 37(a), the party resisting discovery—not the requesting party—bears the burden to substantiate each objection.[4] And an evasive or incomplete answer or response "must be treated as a failure to . . . answer or respond." Fed. R. Civ. P. 37(a)(4).

**A.  The depositions of Mr. Bench and TriSMART's representative should be compelled and set.**

Plaintiff may depose Mr. Bench and TriSMART without leave of court. For the organizational deposition, Plaintiff did more than the Rule requires: he initiated the Rule 30(b)(6) conferral by serving fourteen draft topics weeks in advance and invited TriSMART to confer on their scope. Defendants ignored two written requests for dates and never engaged on the topics or the designee. A party may not stall an opponent's depositions by refusing to respond to scheduling requests, and an order setting the depositions is warranted.[5] Plaintiff asks the Court to order Mr.

---

[3] Ex. E (June 1 and June 11, 2026 deposition-scheduling emails, with draft Rule 30(b)(6) topics).

[4] See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (a "party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive'" (citation omitted)); Heller v. City of Dallas, 303 F.R.D. 466, 483–84 (N.D. Tex. 2014).

[5] Fed. R. Civ. P. 30(a)(1) (a party "may, by oral questions, depose any person, including a party, without leave of court"); Fed. R. Civ. P. 30(b)(6) (the serving party and the organization "must confer in good faith about the matters for examination"); see Fed. R. Civ. P. 37(a)(3)(B)(i), (d)(1)(A)(i).

Bench and TriSMART's designee to appear for deposition on dates certain to be completed within thirty days of the Court's order, and to order TriSMART to designate and prepare one or more representatives to testify on the noticed matters.

**B. TriSMART's interrogatory answers are unverified and must be re-served under oath.**

Interrogatories must be answered separately and fully, in writing and under oath, and "the person who makes the answers must sign them." TriSMART's answers bear only the signature of counsel; no representative verified them. Unverified interrogatory answers are treated as no answer at all.[6] TriSMART should be ordered to serve answers verified under oath by a representative with knowledge.

**C. TriSMART's boilerplate objections are improper and should be overruled.**

An objection must be stated with specificity. An objection that merely labels a request "overly broad" or "unduly burdensome," or that recites the proportionality factors verbatim without explaining the burden or offering any supporting facts—no volume, no hours, no cost— preserves nothing.[7] Every objection here is of that character. The objections should be overruled. The requests are, in any event, narrowly drawn: they are confined to a defined period, to Texas consumers, to Plaintiff's own telephone number, and to TriSMART's identified contractor, and

---

[6] Fed. R. Civ. P. 33(b)(3), (5) (interrogatories must be "answered separately and fully in writing under oath," and "[t]he person who makes the answers must sign them"); Redus v. Univ. of the Incarnate Word, 2014 WL 12815471, at *10 (W.D. Tex. Oct. 17, 2014) ("Plaintiffs must provide the required verification of all interrogatory answers, signed by plaintiffs not their counsel."); Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 617 (5th Cir. 1977). See Ex. A (TriSMART's interrogatory responses).

[7] Heller, 303 F.R.D. at 483 ("So-called boilerplate or unsupported objections—even when asserted in response to a specific discovery request . . . —are likewise improper and ineffective"); McLeod, 894 F.2d at 1485 (an objection that requests are "overly broad, burdensome, oppressive and irrelevant" is "not adequate to voice a successful objection"). See Exs. A-B.

they go to liability, agency, and do-not-call practices in a case carrying per-violation statutory damages.[8] They satisfy Rule 26(b)(1).

## D. TriSMART must state whether it is withholding materials and may not hedge.

An objection "must state whether any responsive materials are being withheld on the basis of that objection." TriSMART repeatedly objected and then produced "subject to and without waiving" its objections, without stating what, if anything, it withheld. That formulation satisfies neither the Rule nor its purpose of allowing the requesting party and the Court to assess what is being withheld.[9] TriSMART should be ordered, as to each request, to produce the responsive materials or to state specifically what is withheld and on what basis.

## E. TriSMART's evasive answers are contradicted by its own admissions and production.

Several answers are non-responsive and must be treated as failures to answer.[10] Asked to describe the compensation structure for its lead generators (Interrogatory 5), TriSMART answered about an unrelated entity; asked how it verifies lead consent (Interrogatory 12), it described "web ads"; and asked to identify its affiliates (Interrogatory 14), it stated only who is not an affiliate. Its denials of any lead for Plaintiff and any do-not-call request (Interrogatories 2, 8) cannot be squared

---

[8] Plaintiff's claims include TriSMART's vicarious liability for calls placed by its lead generators and contractors, making the lead-source and agency discovery central. See Salaiz v. Tex. Roofing & Renovations LLC, 2024 WL 7020066, at *4 (W.D. Tex. 2024) (a principal may be held "vicariously liable under federal common law agency principles for a TCPA violation" by a third party acting as its agent); In re Joint Petition Filed by Dish Network, LLC, 28 FCC Rcd. 6574, 6584 (2013).

[9] Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."); Heller, 303 F.R.D. at 485 (a party "must fully answer each interrogatory or document request to the full extent that it is not objectionable" and "affirmatively explain whether any responsive information or documents have been withheld"); id. at 487 (answering "subject to" and "without waiving" objections "preserves nothing and serves only to waste the time and resources of both the Parties and the Court" (citation omitted)); Dollar, 561 F.2d at 617 ("A unilateral declaration that no objections are waived will not be allowed to displace the command of Rule 33 that the party either answer fully or object."). See Ex. B.

[10] Fed. R. Civ. P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond"); Dollar, 561 F.2d at 617 ("A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive."). See Ex. G (CRM record for (210) 744-9663); Ex. C (requests-for-admission responses).

with the CRM record TriSMART produced, which lists Plaintiff as a contact with a "First Attribution Source" and reflects an "Inbound DND" activation on July 16, 2025. Nor can its "no record" and "web ads" answers be reconciled with its admissions that it uses third-party lead generators (RFA Nos. 2, 7) and its representations, by denial, that it maintains an internal do-not-call list and a written lead-generator policy (RFA Nos. 4, 8). Complete answers should be compelled.

## F.  "See produced contract" does not satisfy Rule 33(d).

For the dates, status, and scope of its relationship with Mr. Turrubiates (Interrogatories 3, 10), TriSMART answered only "see produced contract." Rule 33(d) permits answering by reference to business records only where the answer can in fact be ascertained from them and the burden of doing so is substantially the same for both parties. The contract does not state when the relationship began in practice, whether it remains in effect, or when it ended—yet TriSMART's own wire records show payments to Mr. Turrubiates from February 14 through September 12, 2025.[11] TriSMART should answer narratively.

## G.  TriSMART must answer the affirmative-defense and answer-preparer interrogatories.

TriSMART refused, as "premature," to state any facts supporting its affirmative defenses (Interrogatory 9). Contention interrogatories directed to pleaded defenses are proper, and a blanket refusal to state presently known facts is not.[12] TriSMART must state the facts now known and

---

[11] Fed. R. Civ. P. 33(d) (business-records option available only where the answer "may be determined" from the records and "the burden of deriving or ascertaining the answer will be substantially the same for either party"); Samsung Elecs. Am., Inc. v. Yang Kun Chung, 321 F.R.D. 250, 282 (N.D. Tex. 2017) (a party invoking Rule 33(d) "must specify the information that [the requesting party] should review in sufficient detail to enable [the requesting party] to locate and identify the information in the documents . . . as readily as [an answering party] could" (citation omitted)). See Ex. F (wire records, Feb. 14-Sept. 12, 2025).

[12] Fed. R. Civ. P. 33(a)(2) (an interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact"); Innovative Commc'n Sys., Inc. v. Innovative Computing Sys., Inc., 2014 WL 3535716, at *2 (N.D. Tex. July 16, 2014) ("Contention interrogatories may properly ask for the facts that support an allegation or defense as well as the identities of knowledgeable persons and supporting documents").

supplement as discovery proceeds. TriSMART also withheld, on work-product grounds, the identities of the persons who provided the information for its answers (Interrogatory 15). The identity of a fact witness is not attorney work product, and the objection is especially untenable where no one has verified the answers at all.[13]

## H.  TriSMART must produce the documents at the core of the case.

TriSMART produced little of substance. Most significantly, it produced no internal do-not-call list and no written do-not-call or TCPA policies (RFP Nos. 6, 8), documents central to Plaintiff's claim, even though it described a CRM-based do-not-call procedure (Interrogatory 6) and represented, by denying RFA Nos. 4 and 8, that it maintains both. It produced a static screenshot rather than the complete CRM export for Plaintiff's record (RFP No. 10); no call recordings, voicemails, or text-message logs (RFP No. 2); no commission statements or 1099s for its contractor (RFP No. 9); an incomplete personnel file (RFP No. 12); and no third-party lead-generation agreements beyond the Turrubiates contract (RFP No. 13), despite admitting it uses such generators. It also refused to produce documents supporting its affirmative defenses (RFP No. 14). These deficiencies are detailed request by request in the deficiency letter.[14] TriSMART should be ordered to produce these materials or to confirm, after a reasonable search and under Rule 34(b)(2)(C), that none exist.

## I.  TriSMART's "compound" objection to Request for Admission No. 9 is improper.

Asked to admit that Mr. Turrubiates is authorized to act as a dealer, independent contractor, or sales representative to market, promote, or generate sales leads, TriSMART objected only that

---

[13] Fed. R. Civ. P. 26(b)(3) (work-product protection covers "documents and tangible things" prepared in anticipation of litigation); U.S. v. Lipshy, 492 F. Supp. 35, 45 n.10 (N.D. Tex. 1979) (the work-product "doctrine does not apply to the existence or location of information, but only to the contents of that information").

[14] Ex. D.

the request is "compound." A request phrased in the disjunctive is answerable, and Rule 36(a)(4) required TriSMART to admit, deny, or state in detail why it could not.[15] TriSMART's own Independent Contractor Agreement designates Mr. Turrubiates a sales representative. Plaintiff moves under Rule 36(a)(6) for a determination that the answer is insufficient and for an order that TriSMART amend it to admit or deny, failing which the matter is deemed admitted.

## IV.  CONCLUSION AND PRAYER

For these reasons, Plaintiff respectfully requests that the Court grant this motion and order that: (1) within seven days, TriSMART serve interrogatory answers verified under oath by a representative with knowledge; (2) TriSMART's boilerplate objections are overruled and, within fourteen days, TriSMART serve amended answers and responses and produce all responsive documents to the requests identified above, or state specifically what is withheld and on what basis under Rule 34(b)(2)(C); (3) within seven days, TriSMART amend its response to Request for Admission No. 9 to admit or deny, failing which the matter is deemed admitted; (4) Defendant Mark Bench and TriSMART's Rule 30(b)(6) designee appear for deposition on dates certain to be completed within thirty days, and TriSMART designate and prepare its representative on the noticed topics; and (5) the Court grant such other and further relief to which Plaintiff is justly entitled.

Dated: June 21, 2026

Respectfully submitted,

*/s/ Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099, San Antonio, TX 78270
(210) 744-9663

---

[15] Fed. R. Civ. P. 36(a)(4) ("A denial must fairly respond to the substance of the matter"); People's Capital & Leasing Corp. v. McClung, 2017 WL 8181529, at *2 (W.D. Tex. Sept. 22, 2017) ("the compound nature of some of those requests does not excuse Defendant's obligation to respond to them"); see Fed. R. Civ. P. 36(a)(6). See Ex. H (Independent Contractor Agreement).

## CERTIFICATE OF CONFERENCE

I certify that I conferred, and attempted in good faith to confer, with Timothy R. Allen, counsel for Defendants TriSMART Solar, LLC and Mark Bench, in an effort to resolve the matters raised in this motion without Court action. On June 1, 2026, I emailed Mr. Allen a detailed discovery deficiency letter identifying each deficiency, requested that TriSMART cure by June 15, 2026, requested times to confer by telephone, and separately requested three deposition dates between July 13 and July 31, 2026. On June 11, 2026, I emailed Mr. Allen again, renewed the request for deposition dates by June 18, 2026, and provided draft Rule 30(b)(6) examination topics. Mr. Allen did not respond to any of these communications, did not provide deposition dates, and has not served supplemental responses or verified answers. Because counsel has not responded, Plaintiff is unable to certify that the relief requested is unopposed and presumes the motion is opposed.

*/s/ Mark Anthony Ortega*
Mark Anthony Ortega

## CERTIFICATE OF SERVICE

I certify that on June 21, 2026, a true and correct copy of the foregoing was served on counsel for Defendants via the Court's CM/ECF system and to the email addresses below:

Timothy R. Allen
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
tallen@trismartsolar.com
timothyallenlaw@gmail.com
**Attorney for Defendants TriSMART Solar, LLC and Mark Bench**

*/s/ Mark Anthony Ortega*
Mark Anthony Ortega

9