*Ortega v. TriSMART Solar, LLC, et al.  -  No. 5:25-CV-00865-JKP-HJB (W.D. Tex.)*

# EXHIBIT A

Defendant TriSMART Solar, LLC's Objections and Responses to
Plaintiff's First Set of Interrogatories (Dec. 8, 2025)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Mark Anthony Ortega | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:25-CV-00865-JKP-HJB |
| | § | |
| TriSMART Solar, LLC | § | |
| Defendant | § | |

---

**DEFENDANT TRISMART SOLAR, LLC'S OBJECTIONS AND RESPONSES
TO PLAINTIFF MARK ORTEGA'S FIRST SET OF INTERROGATORIES**

---

TO:    Plaintiff MARK ORTEGA.

COMES NOW, Defendant TRISMART SOLAR, LLC, who responds and files this, their

Objections and Responses to Plaintiff MARK ORTEGA'S First Set of Interrogatories in the above-

styled and numbered cause, pursuant to Rule 33 of the FEDERAL RULES OF CIVIL PROCEDURE.

Respectfully submitted,

**TRISMART SOLAR, LLC**

/s/ *Timothy R. Allen*
**TIMOTHY R. ALLEN**
TBN: 24092028
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
832-553-6304 x304
tallen@trismartsolar.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on opposing counsel and *pro-se* parties pursuant to Rule 5 of the Federal Rules of Civil Procedure on December 8, 2025.

/s/ *Timothy R. Allen*
**TIMOTHY R. ALLEN**

**DEFENDANT TRISMART SOLAR, LLC'S OBJECTIONS AND RESPONSES
TO PLAINTIFF MARK ORTEGA'S FIRST SET OF INTERROGATORIES**

INTERROGATORY NO. 1: Identify all persons or entities who generated, brokered, or sold telemarketing sales leads to YOU for Texas consumers during the period of January 1, 2025, to July 1, 2025.

**ANSWER:**

> Objection – Defendant objects to the extent that this request is overly broad, unduly burdensome, and not reasonably limited in scope. Defendant further objects that the information requested is not proportional to the needs of the case under FRCP 26(b)(1) considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

INTERROGATORY NO. 2: State all facts concerning the sales lead YOU received for PLAINTIFF, including the date and time you received it, the full name of the person or entity from whom you received it, the amount you paid for it, and all information contained within the lead when you received it.

**ANSWER:**

> Objection – Defendant objects to the extent that this request is overly broad, unduly burdensome, and not reasonably limited in scope.

> Subject to and without waving the foregoing objection, Defendant has no record of receiving a sales lead regarding PLAINTIFF.

INTERROGATORY NO. 3: Describe in detail YOUR business relationship with Jose Manuel Turrubiates, sometimes known as "Joe," including the dates of the relationship, the terms of any agreement (written or oral), and the nature of the services he was authorized to provide on YOUR behalf.

**ANSWER:**

> Objection – Defendant objects to the extent that this request is overly broad, unduly burdensome, and not reasonably limited in scope.

Subject to and without waving the foregoing objection, see produced contract between TriSMART and Jose Turrubiates.

INTERROGATORY NO. 4: Describe in detail YOUR business relationship with any entity known as or using the name "SMART HOME SOLAR" to market solar products, including the nature of the relationship and the time period during which this relationship existed.

**ANSWER:**

Objection – Defendant objects to the extent that this request is overly broad, unduly burdensome, and not reasonably limited in scope.

Subject to and without waving the foregoing objection, Defendant has no record of a business relationship with "SMART HOME SOLAR."

INTERROGATORY NO. 5: Describe the compensation structure for third-party lead generators who provide YOU with sales leads. Specify whether they are compensated per lead, per sale, on a commission basis, or by any other method.

**ANSWER:**

Objection – Defendant objects to the extent that this request is overly broad, unduly burdensome, and not reasonably limited in scope. Defendant further objects that the information requested is not proportional to the needs of the case under FRCP 26(b)(1) considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waving the foregoing objection, Defendant has no record of a business relationship with "SMART HOME SOLAR."

INTERROGATORY NO. 6: Describe YOUR internal policy and procedure for maintaining and honoring an internal do-not-call list, as it existed on April 22, 2025.

**ANSWER:**

Objection – Defendant objects to the extent that this request is overly broad, unduly burdensome, and not reasonably limited in scope.

Subject to and without waving the foregoing objection, TriSMART's sales department calls people who provide TriSMART with their phone number. If that person requests that TriSMART stop calling, TriSMART sets their record in our CRM database to "Do Not Call."

TriSMART will also set a person's record to "Do Not Call" if the person does not respond to TriSMART's calls after multiple attempts

INTERROGATORY NO. 7: Describe what steps YOU take to ensure that third-party lead generators acting on YOUR behalf, comply with the TCPA and maintain their own internal do not-call lists.

**ANSWER:**

Objection – Defendant objects to the extent that this request is overly broad, unduly burdensome, and not reasonably limited in scope.

Subject to and without waving the foregoing objection, TriSMART's contract with Jose Turrubiantes requires him to follow federal and state marketing laws.

INTERROGATORY NO. 8: State all facts known to YOU concerning the do-not-call request made by PLAINTIFF on April 22, 2025, and describe all actions YOU took in response to that request.

**ANSWER:**

Objection – Defendant objects to the extent that this request is overly broad, unduly burdensome, and not reasonably limited in scope.

Subject to and without waving the foregoing objection, the calls described in PLAINTIFF's complaint were not made by TriSMART, and the alleged do-not-call request made by PLAINTIFF on April 22, 2025, if it occurred, was not made to TriSMART.

INTERROGATORY NO. 9: For each affirmative defense asserted in YOUR Answer, state all facts that support the defense, identify all persons with knowledge of those facts, and identify all documents that support the defense.

**ANSWER:**

Objection – Defendant objects to the overly broad, unduly burdensome, and harassing nature of this request, which requires a detailed narrative response that cannot be fully and completely provided within the confines of an answer to an interrogatory. Defendant further objects to the extent this request is premature as discovery has not been completed.

INTERROGATORY NO. 10: Identify all contracts or agreements, written or oral, between YOU and Jose Manuel Turrubiates in effect during 2025.

**ANSWER:**

Objection – Defendant objects to the extent that this request is overly broad, unduly burdensome, and not reasonably limited in scope.

Subject to and without waving the foregoing objection, see produced contract between TriSMART and Jose Turrubiates.

INTERROGATORY NO. 11: Identify every person with knowledge of the facts relevant to this lawsuit, including their name, address, telephone number, and a brief description of the subject matter of their knowledge.

**ANSWER:**

Objection – Defendant objects to the extent that this request is overly broad, unduly burdensome, and not reasonably limited in scope. Defendant further objects that this request is redundant of Initial Disclosures and unnecessarily burdensome to provide the same information twice. Subject to and without waiving the foregoing objection, please refer to Defendant's Required Disclosures and/or any and all supplements or amendments thereto for this information.

INTERROGATORY NO. 12: Describe YOUR process for verifying that a telemarketing sales lead was obtained with the consumer's consent and in compliance with the TCPA before YOU accept or pay for it.

**ANSWER:**

Objection – Defendant objects to the extent that this request is overly broad, unduly burdensome, and not reasonably limited in scope.

Subject to and without waving the foregoing objection, TriSMART's sales department obtains sales leads through potential customer submissions in response to web ads and the TriSMART website.

INTERROGATORY NO. 13: State whether the telephone number 210-324-8107 is associated in any of YOUR business records with Jose Manuel Turrubiates or any other agent, dealer, or lead generator for YOUR business.

**ANSWER:**

The telephone number 210-324-8107 is associated with Jose Turrubiates.

INTERROGATORY NO. 14: Identify all parent corporations, subsidiaries, and affiliates of TriSmart Solar, LLC, and describe the corporate relationship between You and each identified entity.

**ANSWER:**

Objection – Defendant objects to this request as seeking information that is neither relevant to the subject matter of the given lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waving the foregoing objection, Jose Turrubiates and "Smart Home Solar" are not parent corporations, subsidiaries, or affiliated companies to TriSMART Solar, LLC.

INTERROGATORY NO. 15: Identify each person who assisted in preparing the answers to these Interrogatories and, for each, state the numbered interrogatory(s) they helped answer.

**ANSWER:**

Objection – Defendant objects to this request to the extent that it invades the attorney work product privilege.