*Ortega v. TriSMART Solar, LLC, et al.  -  No. 5:25-CV-00865-JKP-HJB (W.D. Tex.)*

# EXHIBIT E

June 1 and June 11, 2026 Emails Regarding Deposition Scheduling, with
Draft Rule 30(b)(6) Topics



**From:** **Mark Ortega** MOrtega@utexas.edu
**Subject:** Re: Deposition Scheduling
**Date:** June 11, 2026 at 3:05 PM
**To:** Timothy Allen timothyallenlaw@gmail.com
**Cc:** Timothy Allen tallen@trismartsolar.com

Hi Tim,

I'm following up on my June 1, 2026 email below, requesting three dates between July 13 and July 31, 2026 for the video depositions of Mark Bench, individually, and TriSMART Solar, LLC's corporate representative under Fed. R. Civ. P. 30(b)(6). I have not received a response.

To assist TriSMART in identifying and preparing the appropriate designee, below is a draft list of the examination topics I intend to include in the 30(b)(6) notice. I am providing these in advance of serving the notice to facilitate the good-faith conferral Rule 30(b)(6) requires regarding the matters for examination, and I am glad to confer on the scope or wording of any topic.

Draft Rule 30(b)(6) Topics:

1. TriSMART's acquisition of sales leads for Texas consumers from January 1, 2025 through December 31, 2025, including the identity of all third-party lead generators, appointment setters, and affiliates used, and how each was compensated.
2. TriSMART's relationship with Jose Manuel Turrubiates, including all agreements (written or oral), his scope of authority, services performed, compensation and payments, supervision and monitoring, and the start, status, and end of the relationship.
3. TriSMART's knowledge of "Smart Home Solar" and the agent identified as "Ed," including any investigation into their identities and any leads, appointments, or sales attributable to them.
4. All calls, text messages, and other communications to or concerning telephone number (210) 744-9663, including the April 22, 2025 and June 17, 2025 calls, and the related call logs, recordings, and dispositions.
5. TriSMART's CRM system, including the platform used, the contact record for (210) 744-9663, that record's creation date, lead source and "First Attribution Source" fields, agent notes, and the July 16, 2025 "Inbound DND" activation reflected in TriSMART's production.
6. TriSMART's internal do-not-call list and its policies and procedures for receiving, recording, and honoring do-not-call requests, including compliance with 47 C.F.R. § 64.1200(d).
7. TriSMART's TCPA and telemarketing compliance policies and training, and the steps taken to verify that leads it accepted or paid for were obtained with the consumer's consent.
8. The telephone and dialing systems, software, and platforms used by TriSMART or its agents during 2025 to place outbound calls and texts, including their capabilities (automated or list-based dialing, number rotation, caller-ID display) and any call-recording functionality.
9. TriSMART's registration status under Tex. Bus. & Com. Code § 302.101 and the factual basis for the claimed exemption under § 302.059.
10. The factual bases for the affirmative defenses pleaded in TriSMART's Answer (ECF No. 46), including the contentions that Plaintiff's number is used for business purposes and that TriSMART did not employ or authorize Turrubiates, "Ed," or "Smart Home Solar."
11. TriSMART's financial condition from December 1, 2025 to the present, including the December 2025 employee furlough, the pause of operations and site surveys, and its ability to pay debts as they became due.
12. Transfers of funds from TriSMART's accounts, including accounts at JP Morgan Chase, from December 1, 2025 to the present, including any transfer of approximately $700,000 in or around January 2026, and each transfer's authorization, recipient, consideration, and purpose.
13. TriSMART's corporate structure and governance, including its members, officers, and affiliates; Mark Bench's roles; capitalization; distributions or payments to insiders; and observance of company formalities.
14. TriSMART's document-retention and litigation-hold practices, and the searches performed to locate documents and information responsive to Plaintiff's discovery requests in this case.

Mr. Bench's deposition will be taken in his individual capacity under Rule 30(b)(1), so no topic list is required for him. Each deposition will be taken by videoconference before a court reporter and is limited to one day of seven hours under Rule 30(d)(1).

Please provide three dates between July 13 and July 31, 2026 on which each witness is available by Thursday, June 18, 2026. If I do not hear from you by then, I will serve deposition notices for dates of my choosing within that window and, if necessary, seek the Court's assistance.

Separately, my June 1, 2026 deficiency letter remains outstanding and I have not received TriSMART's supplemental responses and verified interrogatory answers.

Regards,
Mark Anthony Ortega

> On Jun 1, 2026, at 10:18 AM, Mark Ortega <MOrtega@utexas.edu> wrote:
>
> Hi Tim,
>
> Please give me three dates between  July 13, 2026 - July 31, 2026 that Mark Bench and the corporate representative from TriSmart will be available for a deposition over video conference.
>
> Regards,
> Mark Anthony Ortega