IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:25-CV-00865-JKP-HJB |
| | § | |
| TRISMART SOLAR, LLC, JOSE MANUEL | § | |
| TURRUBIATES, and MARK BENCH, | § | |
|     Defendants. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS AND COMPLETE DISCOVERY RESPONSES

Before the Court is Plaintiff Mark Anthony Ortega's Motion to Compel Depositions and Complete Discovery Responses. Having considered the motion, the record, and the applicable law, the Court finds that the motion is well taken and should be **GRANTED**. Accordingly, IT IS ORDERED as follows:

1. **Verified interrogatory answers.** Within seven (7) days of this Order, Defendant TriSMART Solar, LLC shall serve answers to Plaintiff's First Set of Interrogatories that are verified under oath by an officer or agent of TriSMART with knowledge, as required by Federal Rule of Civil Procedure 33(b)(3) and (5).

2. **Objections overruled; amended responses and production.** TriSMART's general objections and its objections that the discovery requests are "overly broad, unduly burdensome, and not reasonably limited in scope" or not proportional are **OVERRULED**. Within fourteen (14) days of this Order, TriSMART shall:

   (a) serve amended answers to Interrogatory Nos. 1–12, 14, and 15, without such objections and without answering "subject to and without waiving" any objection;

   (b) serve amended responses to Plaintiff's First Requests for Production and produce all responsive, non-privileged documents to Request Nos. 2, 6, 8, 9, 10, 11, 12, 13, and 14; and

(c) as to each interrogatory and request, either produce the responsive materials or state, in compliance with Federal Rule of Civil Procedure 34(b)(2)(C), whether any responsive materials are being withheld and the basis for doing so, identifying any materials withheld on privilege or work-product grounds on a privilege log.

3. **Request for Admission No. 9.** Within seven (7) days of this Order, TriSMART shall amend its response to Plaintiff's Request for Admission No. 9 to admit or deny the matter, or to state in detail why it cannot truthfully do so, in compliance with Federal Rule of Civil Procedure 36(a)(4). If TriSMART fails to serve a compliant amended answer, the matter is deemed **ADMITTED** pursuant to Rule 36(a)(6).

4. **Depositions.** Defendant Mark Bench, in his individual capacity, and one or more representatives designated by Defendant TriSMART Solar, LLC under Federal Rule of Civil Procedure 30(b)(6) shall appear for deposition on dates certain, to be completed within thirty (30) days of this Order. TriSMART shall confer in good faith with Plaintiff regarding mutually available dates and the matters for examination, and shall designate and adequately prepare its representative(s) to testify on the noticed topics. If the parties do not agree on deposition dates within seven (7) days of this Order, Plaintiff may notice the depositions for dates of his choosing within the thirty-day period.

IT IS SO ORDERED.

SIGNED this 6th day of July, 2026.

HONORABLE HENRY J. BEMPORAD
UNITED STATES MAGISTRATE JUDGE

2