Ortega v. TriSMART Solar, LLC, et al. - No. 5:25-CV-00865-JKP-HJB (W.D. Tex.)

# EXHIBIT A

Plaintiff's First Set of Requests for Admission to
Defendant Mark Bench (Nos. 1-30)
(Served June 1, 2026)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:25-CV-00865-JKP-HJB |
| | § | |
| TRISMART SOLAR, LLC, and JOSE | § | |
| MANUEL TURRUBIATES, and MARK | § | |
| BENCH | § | |
| Defendant. | § | |

## DEFENDANT MARK BENCH'S FIRST SET OF REQUESTS FOR ADMISSION

**TO: Defendant, Mark Bench, by and through his attorney of record**.

Pursuant to Rules 26 and 36 of Federal Rules of Civil Procedure, Plaintiff, Mark Anthony Ortega, requests that Defendant Mark Bench admit the truth of the matters set forth below within thirty (30) days after service of these requests.

Respectfully submitted,

*/s/ Mark Anthony Ortega*

Mark Anthony Ortega
Plaintiff
Address: PO Box 702099,
San Antonio, TX 78270
Phone: 210-744-9663
Email: mortega@utexas.edu

## INSTRUCTIONS AND DEFINITIONS

For purposes of these Requests, the following definitions and instructions shall apply.

The terms **"YOU", "YOUR", "DEFENDANT BENCH"** shall mean and refer to Defendant Mark Bench, acting in his individual capacity, as well as any of his personal agents, representatives, attorneys, or any other entity or person acting on his personal behalf.

The term **"TRISMART"** shall mean and refer to the Defendant entity TriSmart Solar, LLC, including its officers, directors, employees, internal agents, and subsidiaries.

The term **"TURRUBIATES"** refers to Defendant Jose Manuel Turrubiates, also known or identifying himself as "Joe."

The terms **"Mark Anthony Ortega"** and **"PLAINTIFF "** refer to Plaintiff Mark Anthony Ortega.

The term **"THE LAWSUIT"** refers to the above-captioned civil action, Case No. 5:25-CV-00865-JKP-HJB.

The use of present tense shall include past tenses, unless otherwise specifically indicated in the request.

The terms **"ALL "** and **"EACH "** shall be construed to include the other. The word **"ANY"** means "any and all."

The term **"PLAINTIFF'S TELEPHONE NUMBER "** means cellular telephone number (210) 744-9663.

The term **"DOCUMENT "** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), including, without limitation, any electronically stored data or information. Drafts and non-identical duplicates constitute separate documents. Attachments, exhibits, appendices, schedules, and enclosures to documents are considered part of the same document.

**"CONCERNING "** means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

**"Including"** means including but not limited to.

"**Person**" and "**persons**" means (a) natural persons; (b) legal entities, including without limitation corporations, partnerships, firms, associations, professional corporations, and proprietorships; and (c) governmental bodies or agencies.

" **AND** " and " **OR** " shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

The term "**TCPA**" refers to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., and any regulations promulgated thereunder.

The term "**TTSA**" refers to the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code Ann. § 305 et seq., and any regulations promulgated thereunder.

"**ATDS**" means an Automatic Telephone Dialing System, defined as equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

The term "**Artificial or Prerecorded Voice**" means a voice message that is not a natural person's voice, including but not limited to a synthesized, simulated, recorded, or computer-generated voice.

"**THE CALLS**" refers to the telemarketing calls made to PLAINTIFF'S TELEPHONE NUMBER on or about April 22, 2025, and June 17, 2025, as alleged in Plaintiff's Second Amended Complaint.

The term "**SMART HOME SOLAR**" refers to the business name used by the individuals who placed THE CALLS.

"**PRIOR EXPRESS WRITTEN CONSENT**" means an agreement, in writing, bearing the signature of the person called, that clearly authorizes the placement of a telemarketing communication using an ATDS or an artificial/prerecorded voice to a specific telephone number.

"**INSOLVENT**" means the financial condition in which the sum of an entity's debts is greater than all of the entity's assets at a fair valuation, or the entity is generally not paying its debts as they become due.

The term "**Telemarketing Communication**" means a telephone call or text message made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

Pursuant to Federal Rule of Civil Procedure 36(a)(3), each matter is deemed admitted unless, within thirty (30) days after service of these requests, Defendant Mark Bench serves a written answer or objection addressed to the matter, signed by Defendant or his attorney.

YOUR written response to these requests must strictly comply with the requirements of Federal Rule of Civil Procedure 36(a)(4), which requires that:

1. If a matter is not admitted, the answer must specifically deny it or state in detail why YOU cannot truthfully admit or deny it;

2. Any denial must fairly respond to the substance of the matter;

3. When good faith requires that YOU qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest; and

4. YOU may assert a lack of knowledge or information as a reason for failing to admit or deny **only if** YOU expressly state in YOUR response that YOU have made a reasonable inquiry and that the information YOU know or can readily obtain is insufficient to enable YOU to admit or deny.

These Requests for Admission are continuing in nature. Pursuant to Federal Rule of Civil Procedure 26(e), YOU are under a duty to seasonably supplement or correct YOUR responses if YOU later learn that a response is incomplete or incorrect, or if ordered by the Court.

Unless otherwise specifically indicated in an individual request, the relevant time period for these Requests for Admission covers **January 1, 2025, to the present**.

**Assertion of Privilege:** If YOU object to any Request on the grounds that the answer would reveal information protected by the attorney-client privilege, the work-product doctrine, or any other privilege, YOU must expressly assert the claim and comply with Federal Rule of Civil Procedure 26(b)(5)(A) by providing a privilege log that specifies:

(a) The nature of the privilege being claimed;

(b) The general subject matter of the document, communication, or information withheld;

(c) The date the document was created or the oral communication took place;

(d) The name and title of the author or person making the communication;

(e) The name and title of all addressees or recipients of the document or oral communication; and

(f) The relationship between the author/speaker and the recipients (e.g., attorney and client) to establish the basis for the privilege.

## PLAINTIFF'S FIRST SET FOR ADMISSIONS TO
## DEFENDANT MARK BENCH NOS. 1-30

**Admit or deny the following:**

**REQUEST FOR ADMISSION NO. 1**: Admit that YOU are the Chief Executive Officer (CEO) of TRISMART at any time during the 2025 calendar year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that YOU held an ownership interest in TRISMART at any time during the 2025 calendar year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3**: Admit that YOU possessed the authority to initiate wire transfers from TRISMART's corporate bank accounts between January 1, 2025, and the present.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit that YOU did not attend any formal, documented board of directors meetings for TRISMART during the 2025 calendar year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Admit that between January 1, 2025, and the present, YOU authorized the payment of YOUR personal expenses using funds drawn from a TRISMART bank account.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6**: Admit that between August 1, 2025, and the present, YOU authorized transfers of funds totaling more than $700,000 from a TRISMART bank account to a bank account owned or controlled by YOU.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7**: Admit that YOU did not provide reasonably equivalent value to TRISMART in exchange for the transfer of funds referenced in Request No. 6.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8**: Admit that at the time of the transfer referenced in Request No. 6, the total sum of TRISMART's debts was greater than all of TRISMART's assets at a fair valuation

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Admit that YOU authorized an internal TRISMART communication between November 2025 and January 2026 announcing a "temporary furlough" for TRISMART employees due to delayed funding.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10**: Admit that during the 2025 calendar year, YOU received compensation from TRISMART that was calculated, in whole or in part, based upon the volume of solar installations generated by telemarketing leads.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11**: Admit that YOU had actual knowledge of THE LAWSUIT prior to authorizing the transfer of funds referenced in Request No. 6.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12**: Admit that YOU personally approved the financial budget for TRISMART's lead generation campaigns for the 2025 calendar year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13**: Admit that YOU personally authorized the deployment and use of the "SmartBoard" Customer Relationship Management (CRM) software for individuals generating leads on behalf of TRISMART.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Admit that YOU authorized TRISMART to compensate third-party vendors who utilized the name "SMART HOME SOLAR" to generate leads.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15**: Admit that YOU did not draft or sign any written policy for TRISMART requiring its third-party lead generators to scrub phone numbers against the National Do Not Call Registry

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Admit that YOU never personally reviewed a TCPA compliance manual utilized by TRISMART prior to April 22, 2025.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** Admit that YOU authorized payments from TRISMART to TURRUBIATES for leads generated during the 2025 calendar year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18**: Admit that YOU knew TRISMART was receiving customer leads from an entity or individuals using the name "SMART HOME SOLAR" during the 2025 calendar year.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19**: Admit that as CEO of TRISMART, YOU possessed the authority to terminate TRISMART's relationship with third-party lead generators.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20**: Admit that YOU did not personally draft, sign, or implement any written policy for TRISMART requiring third-party lead generators to maintain an internal do-not-call list.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Admit that YOU personally took no actions prior to April 22, 2025, to ensure that Jose Manuel Turrubiates received formal training on TCPA compliance.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22**: Admit that YOU knew that third-party vendors generating leads for TRISMART utilized an ATDS.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23**: Admit that YOU do not possess any DOCUMENT establishing PLAINTIFF'S PRIOR EXPRESS WRITTEN CONSENT to receive telemarketing calls on behalf of TRISMART.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24**: Admit that YOU do not possess any DOCUMENT evidencing that PLAINTIFF'S TELEPHONE NUMBER was used for business purposes on or before April 22, 2025

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25**: Admit that YOU do not know the physical address from which TURRUBIATES placed THE CALLS to PLAINTIFF.
**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:** Admit that YOU did not personally listen to the April 22, 2025 telephone call between Plaintiff and Jose Manuel Turrubiates prior to filing YOUR Answer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27**: Admit that, excluding communications protected by the attorney-client privilege, YOU did not speak with TURRUBIATES regarding the allegations in THE LAWSUIT prior to filing YOUR Answer.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** Admit that YOU were the sole authorized signatory on the TRISMART bank account from which the January 2, 2026 transfers referenced in Request No. 6 was made.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:** Admit that leads generated under the name "SMART HOME SOLAR" were imported into TRISMART's CRM system.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30**: Admit that YOUR electronic signature was utilized on TRISMART contracts presented to consumers who were initially contacted by "SMART HOME SOLAR".

**RESPONSE:**

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, a copy of the foregoing document was served on the following parties via email:


Timothy R. Allen
Texas Bar No. 24092028
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
512-577-9048
tallen@trismartsolar.com
timothyallenlaw@gmail.com
**Attorney for Mark Bench**

/s/ *Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff