Ortega v. TriSMART Solar, LLC, et al. - No. 5:25-CV-00865-JKP-HJB (W.D. Tex.)

# EXHIBIT A

Plaintiff's Second Set of Requests for Admission to

Defendant TriSMART Solar, LLC (Nos. 14-29)

(Served June 1, 2026)

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 5:25-CV-00865-JKP-HJB |
| | § | |
| TRISMART SOLAR, LLC, and JOSE | § | |
| MANUEL TURRUBIATES, and MARK | § | |
| BENCH | § | |
| *Defendant.* | § | |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION TO
DEFENDANT TRISMART SOLAR, LLC (NOS. 14–29)**

**TO: Defendant TriSMART Solar, LLC, by and through its attorney of record, Timothy R. Allen.**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Texas, Plaintiff Mark Anthony Ortega serves these Requests for Admission on Defendant TriSMART Solar, LLC ("TriSMART"), to be answered in writing within thirty (30) days after service.

Respectfully submitted,

*/s/ Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff
Address: PO Box 702099,
San Antonio, TX 78270
Phone: 210-744-9663
Email: mortega@utexas.edu

## **DEFINITIONS AND INSTRUCTIONS**

The definitions and instructions set forth in Plaintiff's First Set of Requests for Admission to Defendant TriSMART Solar, LLC are incorporated by reference as if fully restated herein. In addition, the following definitions apply:

**A.** "You," "Your," and "TriSMART" mean Defendant TriSMART Solar, LLC, and its present and former officers, directors, members, managers, employees, agents, independent contractors, representatives, attorneys, and any other person or entity acting or purporting to act on its behalf.

**B.** "Turrubiates" means Defendant Jose Manuel Turrubiates, also known as "Joe."

**C.** "Smart Home Solar" means the business name used by the persons who placed the calls described in Plaintiff's Second Amended Complaint.

**D.** "Plaintiff's Number" means cellular telephone number (210) 744-9663.

**E.** "The CRM Record" means the screenshot or record from Your customer-relationship-management system concerning Plaintiff's Number that You produced in response to Plaintiff's First Request for Production (Request Nos. 10 and 15).

**F.** "The Turrubiates Agreement" means the Independent Contractor Agreement between You and Turrubiates that You produced in response to Plaintiff's First Requests for Production.

**G.** "The Relevant Period" means January 1, 2025 through July 31, 2025.

Each matter is admitted unless, within thirty (30) days after service, You serve a written answer or objection addressed to the matter that complies with Fed. R. Civ. P. 36(a)(4) and (a)(5). A denial must fairly meet the substance of the request, and when good faith requires that You qualify or deny only part of a matter, You must specify the part admitted and qualify or deny the rest. You may not give lack of information or knowledge as a reason for failing to admit or deny unless You state that You have made reasonable inquiry and that the information You know or can readily obtain is insufficient to enable You to admit or deny.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 14:** Admit that the CRM Record is a true and accurate copy of a record maintained by You in the ordinary course of Your business.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** Admit that the CRM Record reflects that Plaintiff's Number is an existing contact within Your customer-relationship-management system.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Admit that the CRM Record contains a field identifying a "First Attribution Source" or lead source for the contact associated with Plaintiff's Number.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** Admit that the CRM Record reflects that a "Do Not Call" or "DND" status was enabled for the contact associated with Plaintiff's Number on or about July 16, 2025.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Admit that the call logs You produced for Plaintiff's Number in response to Plaintiff's First Request for Production are true and accurate copies of records maintained by You or on Your behalf in the ordinary course of business.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:** Admit that the Turrubiates Agreement is a true and accurate copy of an agreement that You entered into with Turrubiates.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** Admit that the Turrubiates Agreement designates Turrubiates as a sales representative for TriSMART.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Admit that, under the Turrubiates Agreement, the services Turrubiates was authorized to perform included soliciting customers for the purchase of Your goods or services.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Admit that You paid money to Turrubiates during the Relevant Period.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:** Admit that the telephone number 210-324-8107 is associated with Turrubiates in Your business records.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:** Admit that Turrubiates placed one or more telephone calls to Plaintiff's Number.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:** Admit that You maintain an internal do-not-call list.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:** Admit that the internal do-not-call list You maintain is kept within Your customer-relationship-management system.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:** Admit that You have a written policy that requires third-party lead generators to maintain and honor an internal do-not-call list.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** Admit that, during the Relevant Period, You were not registered as a telephone solicitor with the Texas Secretary of State under Chapter 302 of the Texas Business and Commerce Code.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:** Admit that You did not sell any goods or services to Plaintiff at an established retail location.

**RESPONSE:**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 1, 2026, a copy of the foregoing document was served on the following parties via email:

Timothy R. Allen
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
tallen@trismartsolar.com; timothyallenlaw@gmail.com
**Attorney for Defendant TriSMART Solar, LLC**

*/s/ Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff
