**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK ANTHONY ORTEGA,** | § | |
| Plaintiff, | § | |
| v. | § | **Case No. 5:25-CV-00865-JKP-HJB** |
| **TRISMART SOLAR, LLC, JOSE** | § | |
| **MANUEL TURRUBIATES, and MARK** | § | |
| **BENCH,** | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR SANCTIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 37(B)(2) AND 37(D), AND FOR LEAVE TO SERVE ONE SUBPOENA**

Plaintiff Mark Anthony Ortega moves under Federal Rule of Civil Procedure 37(b)(2) for sanctions against Defendants TriSMART Solar, LLC and Mark Bench for failing to obey this Court's Order of July 6, 2026, ECF No. 57; moves under Rule 37(d) for sanctions against Bench for failing to respond to any discovery served on him; and moves under Rule 16(b)(4) for leave to serve one subpoena on a single non-party bank.

## I. INTRODUCTION

The Court granted Plaintiff's motion to compel in full on July 6, 2026. TriSMART complied with none of it. Bench, separately, has never answered a single discovery request served on him in this case, and never appeared for the deposition the Order required. Neither Defendant has filed anything since May 8, 2026, and counsel has not answered any of Plaintiff's eight written messages since June 1, 2026.

This is not a discovery dispute. The dispute was resolved on July 6. This is two parties ignoring the order that resolved it.

## II. BACKGROUND

1. Plaintiff moved to compel on June 21, 2026. ECF No. 56. The Court granted the motion in full on July 6, 2026. ECF No. 57.

2. The Order required TriSMART, within seven days, to serve interrogatory answers verified under Rule 33(b)(3) and (5), and to amend its response to Request for Admission No. 9 or have the matter deemed admitted under Rule 36(a)(6). It overruled TriSMART's general and boilerplate objections. It required TriSMART, within fourteen days, to serve amended answers to Interrogatories 1 through 12, 14 and 15, to serve amended responses to Requests for Production and produce all responsive non-privileged documents as to Request Nos. 2, 6, 8, 9, 10, 11, 12, 13 and 14, and as to each either to produce or to state under Rule 34(b)(2)(C) what was withheld and why, with a privilege log.

3. TriSMART complied with no part of the Order. Its last production in this action was served on December 8, 2025. Because it never served the amended answer the Order required, Request for Admission No. 9 stands admitted by operation of ECF No. 57 and Rule 36(a)(6).

4. Paragraph 4 of the Order required Bench, in his individual capacity, and one or more TriSMART representatives designated under Rule 30(b)(6), to appear for deposition on dates certain within thirty days, and required conferral in good faith on dates. It provided that if no dates were agreed within seven days, "Plaintiff may notice the depositions for dates of his choosing within the thirty-day period." ECF No. 57. No Defendant conferred and no date was offered. Plaintiff did not serve unilateral notices, and neither deposition took place.

5. On June 1, 2026, Plaintiff served Bench with a First Set of Interrogatories, a First Request for Production, and a First Set of Requests for Admission. Bench served no answer, no objection, and no document in response to any of them. His requests for admission are therefore admitted under Rule 36(a)(3). ECF No. 58.

6. Request Nos. 1, 2, 3 and 6 of that Request for Production sought the bank statements, wire confirmations, ledgers and financial statements showing transfers exceeding $5,000.00 from any TriSMART account to any account Bench owns or controls, TriSMART's balance sheets and general ledgers, the consideration Bench gave for those transfers, and the records of Bench's personal expenses paid from TriSMART funds.

7. Plaintiff has written to counsel for Defendants at both addresses of record on at least eight occasions since June 1, 2026, including on June 1, June 11, June 21, July 10 and July 12, 2026. On July 10 he attached the Order itself. Counsel has answered none of them. Those messages are Exhibit A, rendered from the original message files with each message identifier on its face. No Defendant has filed anything in this action since May 8, 2026. ECF No. 53.

## III. LEGAL STANDARD

Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, including directing that designated facts be taken as established, prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence, striking pleadings in whole or in part, and rendering a default judgment. Rule 37(d)(1)(A)(ii) provides that the court may impose the same sanctions, without any prior order, where a party fails to serve answers to interrogatories or to respond to a request for inspection. The sanction must be "just" and "must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). A court may treat a party's refusal to produce as supporting the presumption that the refusal was an admission of the want of merit in the asserted defense. *Id.* at 709.

## IV. ARGUMENT

**A. The matters embraced in the Order should be taken as established.**

Rule 37(b)(2)(A)(i) permits the Court to direct that the matters embraced in the order be taken as established. Plaintiff asks that the following be so established: that Jose Manuel Turrubiates is authorized to act as a dealer, independent contractor, or sales representative to market, promote, or generate sales leads for TriSMART's products and services; that Turrubiates placed one or more telephone calls to Plaintiff's number, (210) 744-9663; that TriSMART possesses no document evidencing prior express written consent from Plaintiff to receive telemarketing calls; and that TriSMART's customer relationship management record reflects that a "Do Not Call" or "DND" status was enabled for the contact associated with Plaintiff's number on or about July 16, 2025.

The first is the subject of Request for Admission No. 9, which was squarely at issue in the Order: TriSMART answered it with a compound-question objection and nothing else, ECF No. 56-3, the Order required amendment within seven days, and it stands admitted by operation of that Order and Rule 36(a)(6). The third was admitted outright. ECF No. 56-3. The second and fourth are Requests for Admission Nos. 24 and 17 of Plaintiff's Second Set, to which TriSMART never responded and which are admitted under Rule 36(a)(3). ECF No. 59. As to those three, Plaintiff asks the Court to recognise what Rule 36(b) already provides rather than to impose a sanction, and he does not ask the Court to establish any matter TriSMART actually answered.

**B. Both Defendants should be barred from using the material they withheld.**

Rule 37(b)(2)(A)(ii) authorizes an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," and Rule 37(d)(3) makes the same sanction available for a total failure to respond. The documents withheld are the documents the defenses depend on. TriSMART has produced

twice in this action, and the Order required more that never followed: no internal do-not-call list, no written do-not-call or TCPA policy, no complete customer-relationship-management export for Plaintiff's number, no call recordings or text-message logs, no agreement with any third-party lead generator other than Turrubiates, no commission statements or 1099s, no complete personnel file, and no document supporting any affirmative defense. Bench produced nothing at all.

Plaintiff asks that each Defendant be prohibited from introducing, or relying on, any document or testimony within the scope of the Order, and as to Bench within the scope of the June 1, 2026 requests, that the Defendant did not produce, and that the prohibition apply at summary judgment and at trial. The prohibition reaches only what was withheld; it does not reach anything either Defendant produced.

**C. TriSMART's affirmative defenses should be struck, and Bench's answer should be struck.**

Rule 37(b)(2)(A)(iii) permits striking pleadings in whole or in part, and Rule 37(d)(3) permits the same. Plaintiff asks that TriSMART's affirmative defenses be struck. At a minimum, Plaintiff asks that the Court strike the defenses resting on material TriSMART was ordered to produce and did not: the third, that Plaintiff never asked to be placed on its internal do-not-call list; the ninth, that TriSMART is exempt under Texas Business and Commerce Code section 302.059, an exemption TriSMART bears the burden of proving under section 302.051(a); and the fourteenth, that any violation was not willful or knowing. Each turns on TriSMART's own internal records, and none was produced.

To the extent the thirteenth defense asserts the comparative fault of "Ed" and "Smart Home Solar" as responsible third parties under Texas Civil Practice and Remedies Code section 33.011(6), a person becomes a responsible third party only on a motion for leave granted under

section 33.004, not by a paragraph in an answer. TriSMART filed such a motion, ECF No. 22, this Court set it for hearing, ECF No. 25, and denied it without prejudice on January 12, 2026 after counsel failed to appear at the hearing set on his own motion, ECF No. 29. It has never been renewed.

As to Bench, the failure is total. He has answered no interrogatory, produced no document, and responded to no request for admission, and he did not appear for the deposition the Order required. Plaintiff asks that his answer be struck. Plaintiff recognises that striking a pleading is reserved for failures that are wilful and attributable to the party rather than to counsel alone, and that lesser sanctions must first be considered. That is why the relief in Parts IV.A and IV.B is pressed first. Whether the failure originates with the Defendants or with their counsel is peculiarly within their knowledge, and in the fourteen weeks since the Order they have said nothing about it.

**D. Default judgment, in the alternative.**

Rule 37(b)(2)(A)(vi) and Rule 37(d)(3) permit rendering a default judgment against a disobedient party. Plaintiff requests that relief only in the alternative, and only if the Court concludes the lesser sanctions above will not secure compliance.

**E. The relief in Parts IV.C and IV.D is for the District Judge.**

Section I(C) of the Referral Order permits the Magistrate Judge to issue an Order of Sanctions in discovery matters to the extent they are not dispositive of the entire case. ECF No. 4. Section II(B) reserves to Judge Pulliam a motion to strike a claim, counterclaim or defense and a motion for default judgment, and permits a report and recommendation on a reserved matter only where Judge Pulliam refers it. Plaintiff therefore asks the Magistrate Judge to grant the relief in Parts IV.A, IV.B and IV.F by Order, and asks that the relief in Parts IV.C and IV.D be determined by Judge Pulliam, whether directly or on his referral. Plaintiff does not ask the

Magistrate Judge to refer this matter to himself, to enter a judgment, or to strike a pleading by Order.

**F. Leave to serve subpoena.**

Discovery closed on August 4, 2026. ECF No. 16. Plaintiff seeks leave under Rule 16(b)(4) to serve a subpoena under Rule 45 on JPMorgan Chase Bank, N.A.

Good cause turns on diligence, and Plaintiff sought these records from the parties first. Request Nos. 1, 2, 3 and 6 to Bench asked for them directly, and Bench answered nothing. The depositions the Order compelled were the remaining route, and neither occurred because no Defendant responded to Plaintiff's attempts to confer and schedule deposition dates. The information is unavailable today because the Defendants did not answer discovery and did not obey an order.

The subpoena seeks, for January 1, 2025 to the present: the account records and monthly statements for each TriSMART account; for each transfer of $1,000.00 or more out of such an account, the complete transaction detail including the beneficiary institution and account; the corresponding records for any account of Bench into which TriSMART funds were deposited; and for each such deposit, any transfer out of the receiving account within ninety days. The last two categories matter because a judgment creditor may "levy execution on the asset transferred or its proceeds," Texas Business and Commerce Code section 24.008(b), and judgment may be entered against "the first transferee of the asset or the person for whose benefit the transfer was made," and against "any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee," *id.* section 24.009(b)(1), (2). Each is limited to funds originating from a TriSMART account. Plaintiff will comply with Rule 45(a)(4), will ask the Clerk to issue the subpoena under Rule 45(a)(3). The motion is timely. ECF No. 16.

Plaintiff further asks for leave to serve a follow-on subpoena, on any financial institution identified as a beneficiary institution in the Chase production. The transaction detail sought above will name the institution that received each transfer, and without leave to follow it Plaintiff would learn where the funds went and be unable to reach the records showing what became of them.

## V. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) **ORDER** that the matters set out in Part IV.A are established for all purposes in this action;

(b) **PROHIBIT** each Defendant from introducing or relying on any material within the scope of the July 6, 2026 Order, and as to Defendant Bench within the scope of the June 1, 2026 requests, that the Defendant did not produce;

(c) **GRANT** Plaintiff leave under Rule 16(b)(4) to serve the subpoena described in Part IV.F;

(d) **DETERMINE**, or **REFER** to Judge Pulliam for determination, Plaintiff's request that TriSMART's affirmative defenses be **STRUCK**, or in the alternative its third, ninth and fourteenth affirmative defenses, and that Defendant Bench's answer be **STRUCK**;

(e) **DETERMINE**, or **REFER** to Judge Pulliam for determination, in the alternative and only if lesser sanctions will not secure compliance, Plaintiff's request that default judgment be entered against TriSMART Solar, LLC and Mark Bench as to liability; and

(f) **GRANT** Plaintiff all other and further relief, at law or in equity, to which he may be justly entitled.

Dated: August 29, 2026

Respectfully submitted,

/s/ Mark Anthony Ortega
Mark Anthony Ortega
Plaintiff, Pro Se
PO Box 702099
San Antonio, TX 78270
(210) 744-9663
mortega@utexas.edu

## CERTIFICATE OF SERVICE

I certify that on August 29, 2026, a true and correct copy of the foregoing was filed and served through the Court's CM/ECF electronic filing system, which sends notification of such filing to all counsel of record:

Timothy R. Allen
Texas Bar No. 24092028
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
tallen@trismartsolar.com
timothyallenlaw@gmail.com
Attorney for Defendants TriSMART Solar, LLC and Mark Bench

/s/ Mark Anthony Ortega
Mark Anthony Ortega
Plaintiff, Pro Se

## CERTIFICATE OF CONFERENCE

I certify that on July 10 and July 12, 2026 I wrote to counsel for Defendants TriSMART Solar, LLC and Mark Bench at both addresses of record regarding the matters in this motion, including by transmitting a copy of the Court's July 6, 2026 Order. Counsel did not respond, as Exhibit A reflects. Conference was therefore not possible. This certification is made as to both Defendants and satisfies Fed. R. Civ. P. 37(d)(1)(B).

/s/ Mark Anthony Ortega
Mark Anthony Ortega