UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-25-CV-865-JKP (HJB) |
| | § | |
| TRISMART SOLAR, LLC and JOSE MANUEL TURRUBIATES, and MARK BENCH, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING UNOPPOSED MOTION AND REQUIRING A SHOWING OF CAUSE**

Before the Court is Plaintiff's Motion for Sanctions Under Federal Rules of Civil Procedure 37(b)(2) and 37(d), and for Leave to Serve One Subpoena. (Docket Entry 62.) Pretrial matters in this case have been referred to the undersigned for consideration pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Docket Entry 4.) For the reasons set out below, Plaintiff's motion (Docket Entry 62) is **GRANTED AS UNOPPOSED**, and Defendants TriSMART Solar, LLC ("TriSMART") and Mark Bench must **SHOW CAUSE** why sanctions, up to and including the striking of pleadings and entry of default judgment, should not be imposed in this case.

On June 21, 2026, Plaintiff filed a motion to compel Defendants Bench and TriSMART to respond to discovery and schedule depositions. (Docket Entry 56.) Defendants did not respond, so the Court granted the motion as unopposed, *see* W.D. Tex. R. CV-7(d)(2), ordering Defendants to verify their interrogatory answers, respond fully to Plaintiff's discovery requests without boilerplate objections, amend an answer to a request for admission, and appear for depositions within 30 days. (Docket Enry 57.)

In the motion now pending before the Court, Plaintiff complains that Defendants have not complied with any of the commands in the Court's Order, and seeks sanctions under Rules 37(b)(2) and 37(d). (Docket Entry 62.) The motion for sanctions was filed on August 29, 2026; Defendants failed to file any response to this motion, just as they failed to respond to the prior motion to compel. Accordingly, Plaintiff's motion for sanctions (Docket Entry 62) is likewise deemed unopposed under Local Rule CV-7(d)(2), and will be granted as such.

Rule 37(b) authorizes courts to impose the following sanctions for a party's failure to obey a discovery order:

i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

iii) striking pleadings in whole or in part;

iv) staying further proceedings until the order is obeyed;

v) dismissing the action or proceeding in whole or in part;

vi) rendering a default judgment against the disobedient party; or

vii) treating the failure as contempt of Court.

FED. R. CIV. P. 37(b)(2). In his motion, Plaintiff seeks to have certain facts be taken as established, that Defendants be barred from later relying upon documents that have not been produced, that Defendants' pleadings be struck in whole or part, and that a third-party subpoena be permitted outside of the discovery period in this case. (Docket Entry 62, at 4–8.) Defendants must show cause why these requests should not be granted. Plaintiff alternatively asks that default judgment

be entered against these Defendants. (*Id*. at 6.) Should Defendants fail to respond to this Order, the Court will consider imposing that harsher, alternative relief.

It is therefore **ORDERED** that Plaintiff's Motion for Sanctions Under Federal Rules of Civil Procedure 37(b)(2) and 37(d), and for Leave to Serve One Subpoena (Docket Entry 62) is **GRANTED AS UNOPPOSED**. **On or before October 1, 2026**, Defendants TriSMART and Mark Bench must **SHOW CAUSE** why the sanctions requested by Plaintiff should not be imposed. Defendants are admonished that failure to respond to this Order may result in the entry of default judgment.

**SIGNED** on September 15, 2026.

Henry J. Bemporad
United States Magistrate Judge