UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-25-CV-865-JKP (HJB) |
| | § | |
| TRISMART SOLAR, LLC; JOSE MANUEL TURRUBIATES; and MARK BENCH, Chief Executive Officer of TriSmart Solar, LLC, | § § § § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the status of this case, in which non-dispositive pretrial matters have been referred to the undersigned for consideration pursuant to 28 U.S.C. § 636(b)(1). (*See* Docket Entry 4.) For the reasons set out below, default will be entered against Defendants TriSMART Solar, LLC ("TriSMART") and Mark Bench pursuant to Federal Rule of Civil Procedure 55(a), and the case will be returned to the District Court for a determination of whether default judgment should be entered pursuant to Federal Rule of Civil Procedure 55(b).

With leave of the Court, Plaintiff's Second Amended Complaint was filed on March 3, 2026. (*See* Docket Entries 39 and 40.) Defendants TriSMART and Bench answered. (Docket Entries 46 and 51.)[1] On June 21, 2026, Plaintiff moved to compel Bench and TriSMART to respond to discovery requests and schedule depositions. (Docket Entry 56.) Defendants did not respond so the Court granted the motion as unopposed, *see* W.D. Tex. R. CV-7(d)(2), ordering Defendants to verify their interrogatory answers, respond fully to Plaintiff's discovery requests

[1] A Clerk's Entry of Default had previously been entered against a third Defendant, Jose Manuel Turrubiates. (Docket Entry 27.)

without boilerplate objections, amend an answer to a request for admission, and appear for depositions within 30 days. (Docket Enry 57.)

Plaintiff later moved for sanctions under Federal Rule of Civil Procedure 37, complaining that Defendants had not complied with any of the commands in the Court's Order. (Docket Entry 62.) The motion for sanctions was filed on August 29, 2026; Defendants failed to file any response to the motion, just as they failed to respond to the prior motion to compel. Accordingly, the Court again granted the motion as unopposed under Local Rule CV-7(d)(2), and ordered Defendants to show cause why the requested sanctions under Rule 37(b)(2) should not be imposed. (Docket Entry 63.) In that Order, the Court required a response by October 1, 2026, and specifically admonished Defendants that further failure to respond "may result in the entry of default judgment." (*Id.* at 2.)

Despite the admonition, Defendants have once again failed to respond. Accordingly, the Court finds that sanctions under Rule 37(b)(2) should be imposed. Such sanctions may include "rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2). And given Defendants' repeated failures to respond to discovery requests and the Court's orders, it appears that default judgment should be considered as a sanction in this case. However, as the case is referred for non-dispositive matters only, the undersigned will merely order the entry of default under Rule 55(a), and return the case to the District Court so that it may determine whether default judgment is appropriate. *See* FED. R. CIV. P. 55(a) (requiring that "the clerk must enter the party's default" if defendant fails to plead or otherwise defend); 10 MOORE'S FEDERAL PRACTICE § 55.10[1] (3d. ed. 2010) (explaining that entry of default is a non-dispositive, ministerial matter performed by clerk, and a prerequisite to default judgment).

For the foregoing reasons, it is hereby **ORDERED** that the Clerk of Court enter **DEFAULT** against Defendants TriSMART Solar, LLC, and Mark Bench pursuant to Federal Rule of Civil Procedure 55(a). It is **FURTHER ORDERED** that this case be **RETURNED** to the District Court for all purposes.

**SIGNED** on October 7, 2026.

Henry J. Bemporad
United States Magistrate Judge